Daniels, J.
The object of the application is to obtain a writ of mandamus requiring the police commissioners and superintendent to enforce the excise law prohibiting the sale or other disposition of intoxicating liquors, wines, or ales at the Metropolitan Opera-House between the hours of 1 and-5 o’clock in the morning, and to close the place of the respondent during those hours. The occupant of the premises is Ernest Dowal. A license to-use the premises as a restaurant has been issued by the excise commissioners, and that license still continues in force. Under that license the occupant-states that he proposes “to provide and furnish, by virtue” of said license, the eating and drinking under my supervision and control upon the occasion of said ball or entertainment, but it is not proposed or intended to furnish at any time after 1 o’clock in the morning, to the end thereof, to any one, any drink of any kind except with meals, and none shall or will be otherwise furnished or provided, and then only in the supper-room, and no bar will be-opened or maintained at any time or hour upon said occasion. The sale of' liquors with meals at all hours during the continuance of balls has prevailed, in this city for very many years.
A ball is to take place in this building, and the occupant, under the authority of this license, proposes and intends to supply the patrons or participants-with liquors and wines as a part of their meals between the hours of 1 and 5-o’clock in the morning. Whether he can lawfully do that depends upon the-effect to be given to one of the sections of the excise laws of the state. The-license seems to have been issued under chapter 549 of the Laws of 1873.. And the section in question declares that “licenses granted as in this act provided shall not authorize any person or persons to expose for sale, give away, or dispose of any strong or spirituous liquors, wines, ale, or beer on any day between the hours of 1 and 5 o’clock in the morning; and all places licensed as aforesaid shall be closed, and kept closed, between the hours aforesaid, and at all other times when such selling is not authorized by law. And it shall be the duty of every sheriff, constable, policeman, and officer of police to enforce the observance of the foregoing provisions. Nothing herein contained *839 shall be construed to prevent hotels from receiving or entertaining travelers at any time, subject to the restrictions contained in this act and the act hereby amended.” This law is reasonably plain, and the fact that it has not heretofore been observed or enforced at balls in this city will not deprive it of authority. That might well be considered in determining the construction to be placed upon the section, if its meaning or intent were doubtful or obscure. But it does not seem to be so, and neither neglect to observe it nor acquiescence in its violation will entitle the occupant of these premises to repeat that violation of the injunction of the law without exposing himself to the punishment therefor prescribed by other parts of the excise laws. What he swears he intends and proposes to do is to sell and dispose of liquors and wines to persons ordering meals from him during these hours of the morning. But that is what the law has forbidden him to do. It has not only declared that he shall not sell, give away, or dispose of these articles during the period intervening between 1 and 5 o’clock in the morning, but in addition to that his place, licensed in this manner, is required to be closed, thereby further insuring the observance of the law. To supply liquors, wines, or ales betwéen these hours must involve their sale, gift, or disposition, and that the law declares shall not be done; and to prevent it from being done it has been made the duty of the officers mentioned in this section to enforce the observance of its provisions, a prominent one of which is that the place licensed shall not only be closed, but kept closed, between these hours. How its mandates could be more plainly expressed it is difficult to see.
The Case of Breslin, 45 Hun, 210, has been cited as supporting the right claimed for the licensee. But it affords him no support for the position taken by him; for in that decision the rights of the licensee, as the proprietor of an inn or hotel, were alone in controversy. They are plainly distinguishable from those of the proprietor or licensee of a restaurant. One of the designs and objects of an inn or hotel, and indeed the chief design, is the entertainment of travelers. They may, and usually do, arise and seek shelter and protection at all hours of the night as well as of the day, and for that reason this section of the law has not required inns or hotels to be closed at any time, as it has the places of all other licensees. And it was chiefly on that distinction that the decision in the Breslin Case proceeded. The occupant of this hall has been licensed, not as the keeper of an inn or hotel, and he is not, therefore, within either the facts or reasoning of that decision. But he is directly in subjection to the mandate of this section of the law requiring his place, mentioned in the license, to be closed, and prohibiting there the sale, giving away, or disposition of liquors, wines, or ales from 1 to 5 o'clock in the morning. If he attempts to do what he swears he intends doing, he will violate these prohibitions of the law, for which neither this nor any other court can shield him from prosecution, or, in case of his conviction, from punishment; and beyond that liability, if he attempts to violate these restraints, then in that event the statute declares that it shall be the duty of every sheriff, constable, policeman, and officer of police to enforce the observance of the provisions of the statute, a prominent one of which is that the licensed place shall be closed, and kept closed, between these hours.
The mandamus may be applied for by any citizen, or class of citizens, taking an interest in the observance and enforcement of that part of the law requiring the policemen and officers of the police to enforce the. law, and require the place of the licensee to be closed during these forbidden hours. People v. Daley, 37 Hun, 461. But, to entitle the applicants to the suit, they must show that the police commissioners, or the superintendent of the police force, do not intend to secure the observance of the law. On that subject their proof is materially defective. It is not to be presumed that the officers mentioned in the statute will be in any respect délinquent in the performance of their duty by this statute so clearly enjoined. The presumption, on the other *840 hand, is that they will do what this statute has declared they shall do; and that they will not enforce its provisions has not been shown as a matter of fact, and for that defect in the proof the motion will be denied, without costs.