THE STATE, EX REL. WILLIAM O. LAY, v. THE COMMON COUNCIL OF THE CITY OF HOBOKEN ET AL.

Submitted July 3, 1907—Decided November 11, 1907.

1. Where a writ of *mandamus* is sought for the purpose of requiring a municipal board or body to perform a statutory duty purely ministerial in character, designed to redress or prevent public wrongs affecting the peace and good order of the community at large, it may issue upon the application of a private relator, who is a resident and taxpayer of the municipal district. ·

2. The fact that another remedy may exist for reaching the evil complained of will not avail to prevent the resort to *mandamus,* unless such other remedy is specific and adequate to accomplish the statutory purpose.

On application for *mandamus*.

Before Justices HENDRICKSON, PITNEY, and TRENCHARD.

For the relator, *Marshall W. Van Winkle.*

For the defendant, *James F. Minturn.*

The opinion of the court was delivered by

HENDRICKSON, J.    This is an application for a peremptory or alternative writ of *mandamus* commanding the members of the common council of the city of Hoboken to require, by order, resolution or otherwise, that the entire interior of the bars or business-rooms in said city, in which spirituous, vinous, malt, brewed or other intoxicating liquors are or shall be sold or served under licenses granted in said city, shall be, during the Sabbath day, commonly called Sunday, open to full view from the public streets of the said city, as required by section 4 of the supplement to an act regulating the sale of liquors, commonly known as the Bishops' bill, approved April 13th, 1906. *Pamph. L., p.* 204. There is evidence that no resolution of this character has been passed by the common council, and that numerous saloons, so licensed in said city, do not remove their screens on Sundays, some of these places at least being other than such inns, taverns, hotels and other places as are exempted from this requirement by said act.

The duty thus pointed out by the statute to licensing bodies is a ministerial one, clearly mandatory, and *mandamus* is the proper remedy to enforce performance by public boards of purely ministerial duties. *Jones Company* v. *Guttenberg,* 37 *Vroom* 659. It would therefore seem that upon lawful application the remedy here sought might be properly invoked. The respondents, however, resist this application, first, on the ground that the relator is a private individual, and must first show some special right or interest in the subject-matter of the wrong complained of, as apart from the general public,

before he can invoke this remedy. But this is a matter of public right, and involves the performance of a duty which affects the public generally, and while there is a conflict of authority on the subject in the different jurisdictions, it is quite well settled in this state that in such a case the application may be made by any person who is a citizen, resident or taxpayer. 13 *Encycl. Pl. & Pr.* 632, *note* 1; *State* v. *Holliday,* 3 *Halst.* 205; *State* v. *Rahway,* 4 *Vroom* 110; *Hugg* v. *Camden,* 10 *Id.* 620; *Ferry* v. *Williams,* 12 *Id.* 332. In the case last named, Mr. Justice Dixon, speaking for this court, held that the court may, in its discretion, at the instance of private persons, act by *mandamus, certiorari* or *quo warranto* for the redress or prevention of public wrongs by public bodies and officers, whose official sphere is confined to some political division of the state, whenever the applicant is one of a class of persons to be most directly affected in their enjoyment of public rights, and the public convenience will be subserved by the remedy desired.

It is urged that this court made a departure from this doctrine in *Bamford* v. *Hollinshead,* 18 *Vroom* 439, but we think not in view of the circumstances in that case which distinguish it. It is true that the court refused to issue a *mandamus* to compel the county clerk to pay over the fees of the office to the county collector on the application of a taxpayer, but in that case the law made it the duty of the county collector to collect the sum due the county, and this was the real ground of the court's refusal to act on the application of a private relator. This decision seems to be within a recognized exception to the general rule, which is that when it is the special duty of a public officer to enforce performance of a duty by another officer, a private person cannot obtain a *mandamus* for that purpose. 13 *Encycl. Pl. & Pr.* 631. The relator is a citizen and resident of Hoboken, and the owner of taxable real estate therein. He is therefore interested in the peace and good order of the town, so that upon the principles here stated he may rightfully bring these proceedings.

The next contention is that the writ should be denied be-

cause there is another remedy, to wit, a remedy by indictment. But the answer is that indictment would not furnish a complete remedy, for while it might be the means of punishing the delinquent members it would leave the public duty still unperformed. To justify refusal of the writ on this ground the other remedy must be specific and adequate. *Jones Company* v. *Guttenberg, supra; State* v. *Holliday, supra;* 13 *Encycl. Pl. & Pr.* 498.

The application is for a peremptory or alternative writ. Our conclusion is that an alternative writ of *mandamus* may issue.