THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS W. BROWN, Relator, *v.* T. FRANCIS KENNEDY, as Commissioner of Public Safety of the City of Cohoes, and JAMES W. SCHOFIELD, as Chief of Police of Said City, Respondents.

(Supreme Court, Albany Special Term, February, 1918.)

Liquor Tax Law, § 30, subd. H — violation   of — city of Cohoes — statutes — mandamus.

> Where it appears that practically all of the forty-six saloons or places in Cohoes, N. Y., are openly and notoriously violating the provisions of subdivision H of section 30 of the Liquor Tax Law (Laws of 1909, chap. 39) with respect to obstructions in their windows and that many of them are violating the provisions of said statute relating to obstructions which prevent a full view of the entire room by every one present, and such violations are stated in great detail in a petition for a writ of peremptory mandamus to compel the commissioner of public safety, the chief of police and his subordinates to enforce the observance of the law, giving dates, names and locations of saloons and the facts in each instance constituting the unlawful obstructions, the application for the writ will be granted.

APPLICATION for writ of mandamus.

Edgar B. Nichols, for relator.

Dennis S. Dawson, for respondents.

CHESTER, J.   The relator seeks a writ of mandamus against the respondents to compel them to enforce the observance of the provisions of subdivision H of section 30 of the Liquor Tax Law (Laws of 1909, chap. 39), prohibiting, among other things, holders of liquor tax certificates from having screens, blinds or curtains covering any part of any window of a bar or room where liquors are sold or kept for sale during hours when the sale of liquor is not allowed by law, so as to prevent any person passing from having a full view from the sidewalk, alley or road in front or from the side or end of the building where such bar and room is situated.

There are forty-six saloons or places in Cohoes licensed to traffic in liquors, and the relator in his petition and the supporting affidavits shows that practically all of them are openly violating the law with respect to obstructions in their windows and that many of them are violating the provisions relating to having boxes or stalls or other obstructions within their premises which prevent a full view of the entire room by every person present.   These violations are stated in great detail in the petition, giving dates, names and location of saloons and the facts in each instance constituting the unlawful obstructions.

The respondents have denied on information and belief that there are any such violations in the expectation no doubt of preventing the issuance of a peremptory writ and insist that these denials require an alternative writ instead, but these violations shown by the

petition are open and visible to every passer on the streets where those saloons are located and everybody but a blind person may see them if he will. As was said by Judge Hiscock in *Dahlstrom* v. *Gemunder*, 198 N. Y. 449, 454: "A party may not thus deny the possession of knowledge or information which presumably he has; neither may he purposely turn his head and close his eyes and ears for the purpose of avoiding knowledge and information, and of enabling him to make a denial thereof." When knowledge and information are open to a defendant, when he can see what the facts are if he will look or take any pains to find out, he cannot be permitted to close his eyes to what is open and visible to all and deny that he has any knowledge or information thereof sufficient to form a belief. That is too frivolous to justify courts in being influenced thereby and that is not a denial which raises any issue. *Rochkind* v. *Perlman,* 123 App. Div. 808. This is not a proper case therefore for an alternative writ.

The respondent commissioner of public safety alleges that he has on several occasions issued verbal orders to the respondent chief of police, commanding him to enforce or cause to be enforced all the provisions of the Liquor Tax Law applicable to traffic in liquors in the city of Cohoes, and the latter alleges that he has on many occasions during the times mentioned in the moving papers and prior thereto issued oral orders to the sergeants, acting sergeants and patrolmen under his charge commanding them to enforce and cause to be enforced all the provisions of such law, but this is not sufficient. It is the duty of these respondents to see and know that those orders are executed and that their subordinates faithfully perform the duties incumbent upon them. If the violation alleged was one concerning an isolated case the attitude of the respondents could be looked upon with some degree of consid-

eration but when such violations are well nigh universal and general throughout the city, as appears by the detailed proof contained in the petition, it may fairly be assumed that notwithstanding the orders alleged by the respondents to have been given by them they do not intend to enforce the law by any measures which are effective.

The charter of Cohoes (Laws of 1915, chap. 130, article X) and the Liquor Tax Law make it the clear duty of the respondents to enforce the orders claimed to have been made by them and to enforce the law in the respects in which it appears here it is being openly and notoriously violated in their city. A case is therefore presented for the issuing of the peremptory writ. prayed for. *Matter of Whitney,* 3 N. Y. Supp. 838; 24 N. Y. St. Repr. 968; *People ex rel. Derby* v. *Rice,* 129 N. Y. 461.

Application granted, with twenty-five dollars costs and disbursements.

Application granted, with costs.