In the Matter of the Application of MARGARET CARMODY and Others, Petitioners, for a Mandamus Order against THE CITY OF ELMIRA, THE MAYOR, CITY COUNCIL, CITY MANAGER and Others, Respondents.

Supreme Court, Special Term, Chemung County, November 6, 1936.

*Thomas J. Flynn*, for the petitioners, for the motion.

*George G. Reynolds, Corporation Counsel.*

*Gaylord Riggs*, for Anthony Rossi, opposed.

PERSONIUS, J.   A penal ordinance of the city of Elmira provides in substance that bowling alleys shall not be operated unless licensed by the mayor, and in no event on Sunday or between midnight and seven o'clock A. M. on week days.

The petition alleges that Anthony Rossi is operating bowling alleys without such license, that demand was made upon a captain of the Elmira police department that said ordinance be enforced

against said Rossi but that no action was taken. The petitioners further allege that they are taxpayers owning residential property adjoining said bowling alleys. They ask that the respondents be commanded to enforce the ordinance " as related to the said Anthony Rossi."

The order to show cause herein was granted October 23, 1936. Anthony Rossi applied for a license on October twenty-second, tendered the required fee, and on the following day, October twenty-third, a license was issued and delivered. Except as a general proposition, the question here is, therefore, academic.

Of course, the proper city officials are by statute commanded to enforce its ordinances. (Optional City Government Law [Laws of 1914, chap. 444], § 91; McKinney's Unconsolidated Laws, § 591.) Nevertheless, the courts have added their command in a proper case. It is also true that mandamus is not ordinarily resorted to where other remedies exist. Parties aggrieved by the violation of an ordinance may file a complaint and cause a warrant to be issued. An official who fails to perform his duty may be removed. Yet the courts have not in every case left an aggrieved party to these remedies alone. Where the right to enforce an ordinance " affects the general public, and  *  *  *  is the concern of every citizen " or where there are numerous violations, and especially where the chief officer of the city has announced his refusal to act, the courts will interfere and compel action. (*People ex rel. Weatherwax* v. *Watt*, 115 Misc. 120, 127; *People ex rel. Brown* v. *Kennedy*, 102 id. 450; *Commonwealth ex rel. Schaffer* v. *Wilkins*, 271 Penn. St. 523; 115 A. 887; 19 A. L. R. 1379, note, p. 1382; *State ex rel. Lay* v. *Common Council of Hoboken*, 75 N. J. L. 315; 67 A. 1024; *Goodell* v. *Woodbury*, 71 N. H. 378; 52 A. 855; *People ex rel. Pumpyansky* v. *Keating*, 62 App. Div. 348; revd. on other grounds, 168 N. Y. 390.) These cases emphasize the fact that a public interest is involved, that there has been a positive refusal on the part of the officials to act, and that the remedies which exist are not adequate and adapted to right the wrong complained of.

Notwithstanding this well-established rule, we think the present application must be denied. (*People ex rel. Clapp* v. *Listman*, 40 Misc. 372; affd. on opinion below, 84 App. Div. 633; *Matter of Whitney*, 3 N. Y. Supp. 838; *Matter of International R. Co.* v. *Schwab*, 203 App. Div. 68.) As we have stated, the question is now academic, a license having been issued. This proceeding involves one, not many, violations. The violation does not appear to affect the public generally. There has been no willful refusal on the part of the respondents to enforce the ordinance. Rather,

the ordinance seems, whether for adequate or inadequate reasons, to have been a dead letter for several years. It has been suggested that the ordinance refers to a matter, the control of which has been taken over by the State, and that it is unconstitutional.

Nothing that is here said is to be taken as relieving the proper officials from enforcing the ordinance and, where a license is granted, from enforcing the conditions as to hours therein contained.

Submit order denying application.