Joseph Cortellini, Petitioner, Respondent, *v.* City of Niagara Falls, New York, William D. Robbins, as City Manager, and Norman Ray, as Building Commissioner of the City of Niagara Falls, N. Y., and Louis Lo Stracco, Appellants.

Fourth Department, October 6, 1939.

*J. William O'Brien, Corporation Counsel [John F. McNulty, Deputy Corporation Counsel, of counsel], for the appellants, City of Niagara Falls, William D. Robbins and Norman Ray.*

*Robert J. Moore, for the appellant, Louis Lo Stracco.*

*Drew & Drew [De Silver Drew of counsel], for the respondent.*

CUNNINGHAM, J.   This is a proceeding under article 78 of the Civil Practice Act, asking for a peremptory order directed against the city of Niagara Falls, N. Y., and two of its officials.   It is in the nature of a mandamus proceeding.   The remedy sought herein is extraordinary and the petitioner must show that he has a legal right to the relief asked.

The petitioner herein alleges that as a citizen and taxpayer he has " an inherent interest in the enforcement of the Building Code and other ordinances of the City of Niagara Falls " and that he is interested in this proceeding because he is the owner of the property adjacent to that of the defendant Lo Stracco.   The petitioner, however, does not show that he individually has any right to the relief asked; nor is there any statute which authorizes him to maintain this proceeding on behalf of the taxpayers of the city of Niagara Falls.

The petitioner claims that the Building Code was adopted to insure the health and welfare of the public.   However, if the occupancy of this building is detrimental to the city by the threat of injury " so imminent and substantial as to make it proper that the taxpayers be protected," then the petitioner has a remedy by a taxpayer's action for an injunction.   (Gen. Mun. Law, § 51; *Campbell* v. *City of New York*, 244 N. Y. 317, 330.)

A peremptory order will not be granted where another remedy is provided by law.   (*Matter of Towers Management Corp.* v. *Thatcher*, 271 N. Y. 94, 97.)

The remedy sought herein may not be used to prevent " third parties from doing illegal acts."   (*Matter of Walsh* v. *LaGuardia*, 269 N. Y. 437.)

It is apparent that this proceeding was instituted to prevent Lo Stracco from occupying the building in question and not for the benefit of the public generally.   It would not be a wise exercise of judicial powers to interfere with the administrative officials

of the city in the performance of their duties, unless the illegal acts complained of result in the waste of public funds or are so flagrant and numerous as to be injurious to the public welfare. But even in such cases it may be well to leave it to the voters of the city to prevent the continuance in office of such officials. Generally it may be said that the courts will not seek to enforce laws and ordinances by peremptorily ordering administrative officials to institute proceedings under such laws and ordinances. (*Matter of Walsh* v. *LaGuardia, supra; People ex rel. Clapp* v. *Listman,* 40 Misc. 372; affd., 84 App. Div. 633; *Matter of Carmody* v. *City of Elmira,* 160 Misc. 916.)

It is apparent that the acts complained of do not affect the people of the city of Niagara Falls generally and do not cause any special injury to the people of such city.

The final order should be reversed on the law, with costs, and the proceeding dismissed, with fifty dollars costs and disbursements.

All concur. Present — SEARS, P. J.. CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Final order reversed on the law, with costs, and proceeding dismissed, with fifty dollars costs and disbursements.