In the Matter of FREDERICK A. SINDEBAND et al., Petitioners, *v.* GEORGE A. KRAMER et al., Constituting the Board of Zoning and Appeals of the Town of North Hempstead, New York, Respondents.

Supreme Court, Special Term, Nassau County, July 25, 1962.

*Gunn, Neier & Daiker* for petitioners. *Robert C. Meade, Town Attorney,* for respondents.

PAUL J. WIDLITZ, J. Proceeding pursuant to article 78 of the Civil Practice Act to compel the Board of Zoning and Appeals of the Town of North Hempstead to issue a permit or to compel the issuance of a building permit by the Manager of the Building Department of the town and to enjoin a scheduled rehearing by the Board of Zoning and Appeals.

On January 29, 1952 petitioners' predecessor in title executed two declarations with reference to the two parcels of land in question, which were recorded in the County Clerk's office at Liber 4791 of Conveyances at page 285 and Liber 4791 of Conveyances at page 291. These declarations contained restrictions which could be altered, modified, or rescinded, but " shall first require the written consent of the Town of North Hempstead, Nassau County, New York, or its successors, and shall be in recordable form.'' The said declarations were expressly to run with the land and bind all successors in interest.

Sometime in 1961, petitioners' predecessors in title presented to the Manager of the Building Department an application for a permit to construct a commercial building on their land in Great Neck, Town of North Hempstead. The proposed construction did not violate the filed declarations, but the parking provisions submitted did not comply. For these and other reasons, the Manager of the Building Department rejected the application, and appeal was taken to the Board of Zoning and Appeals on July 7, 1961. After a hearing, the board granted a variance, in part, on condition, *inter alia*, that new declarations be submitted and that all requirements of the previous declarations be complied with.

Thereafter the respondents closed title on the land and became the owners of the two tracts of land in question. On November 28, 1961, the respondents applied to the Town Board to approve the modification of the declarations so that they could comply with the variance of the Board of Zoning and Appeals. This application was denied by the Town Board.

Notwithstanding this, the respondents submitted an application for a building permit to the Manager of the Building Department on January 17, 1962. He failed to act on it, and, on March 2, 1962, Mr. Justice MEYER ordered that said Manager approve or disapprove the application. Accordingly, the Manager disapproved the application, and the petitioners appealed to the Board of Zoning and Appeals, which held a hearing on May 2, 1962 and reserved decision. On May 23, 1962, on motion of a member of the Board of Zoning and Appeals, unanimously adopted by the board, they moved the reopening of the July 7, 1961 hearing on the application of respondents' predecessors in

title. The rehearing was scheduled for July 8, 1962. The hearing of July 8, 1962 has been stayed pending the hearing of these proceedings.

The petitioners, by this proceeding, seek an order of this court directing the Board of Zoning and Appeals to issue the permit which was filed for on January 17, 1962, or, in the alternative, to have this court direct the Manager of the Building Department to issue the permit which was filed for on January 17, 1962 and to restrain the Board of Zoning and Appeals from rehearing the application presented at their July 7, 1961 meeting.

The true function of mandamus is to compel an officer or body to do a ministerial act. Its purpose is not to make the determination for the officer or body. Mandamus will not lie to compel a body to act where the act involves discretion or a judicial determination (*Cortellini* v. *City of Niagara Falls,* 257 App. Div. 615). The Board of Zoning and Appeals in this case is sitting as a judicial body and not as an administrative agency (Town Law, § 267, subd. 2). By the same token, mandamus will not lie against the Manager of the Building Department since he has acted, and the court cannot revise his actions in a mandamus proceeding. Such a review must await the final determination of the Board of Zoning and Appeals.

In respect to the injunction to restrain the rehearing, the court is powerless to act. Only the Board of Zoning and Appeals can determine, in the first instance, whether there is any change or new facts which would warrant a rehearing (*Ellsworth Realty Co.* v. *Kramer,* 268 App. Div. 824). The court, in the *Ellsworth* case cited above, in reversing Special Term's granting of an injunction restraining the hearing, held that an injunction was not the proper proceeding where the board had already scheduled the rehearing. The proper remedy is an article 78 proceeding to review by a person aggrieved at the rehearing. Accordingly, the petition is dismissed, and the motion for an injunction is denied.