Daniel G. Albert, J.
This is a proceeding brought pursuant
to CPLR article 78 by petitioners Phyllis Molloy, a homeowner residing in the Town of North Hempstead, and A.W.A.R.E., Inc. (hereinafter referred to as A.W.A.R.E.), "for a judgment to review a determination by the Town of North Hempstead Board of Zoning and Appeals, for an order of mandamus against the Town of North Hempstead directing the Town of North Hempstead to enforce its ordinances and to direct [corespondent] Takashimaya/Pintchik to conform to the Certificate of Occupancy granted”.
The salient facts are as follows. The Board of Zoning and Appeals of the Town of North Hempstead on April 19, 1972 granted respondent Pintchik a variance to construct a three-story building for use as retail space and a restaurant, designating a certain amount of parking spaces with respect to the aforesaid uses. This decision of the board was never the subject of judicial review. Some two years later, on July 17, 1974, Pintchik applied to the board for a variance so as to utilize the second and third stories of the aforesaid premises for office rather than retail space. Petitioners herein appeared at the public hearing on July 17, 1974 raising the same contentions as in the instant petition, to wit, that the number of parking spaces originally required by the 1972 variance was insufficient, that the second and third floors of the premises were being illegally rented as office space and that respondent Pintchik illegally maintained an access way on Carle Road.
On September 4, 1974, the board denied respondent Pintchik’s application and by decision dated November 22, 1974, this court (Life, J.) sustained the board’s action. Petitioners did not participate in the judicial review of the board’s action which review embraced the identical issues raised herein. Instead, petitioners commenced this proceeding to review the April, 1972 determination and to direct the Town of North Hempstead to compel respondent Pintchik to conform to the *1012 certificate of occupancy. The petition itself lacks specificity as to when petitioners allegedly demanded that the town direct Pintchik to conform to the certificate of occupancy and when the town refused to act, but it does appear from the papers submitted hereon that communications of some nature were made on or about July 17, 1974 at a meeting before the board.
Prior to reaching the merits of the petition, the threshold question is whether petitioners have standing to maintain this proceeding. With respect to petitioner A.W.A.R.E., said determination as to whether it possesses requisite standing prompts this court to explore the guidelines set forth in the recent Court of Appeals decision in Matter of Douglaston Civic Assn v Galvin (36 NY2d 1). There, a unanimous Court of Appeals expanded the scope of standing in zoning litigation to include neighborhood and civic associations possessing the necessary adverse interest. Judge Jasen, writing for the court, stated (p 7): "we believe that an appropriate representative association should have standing to assert rights of the individual members of the association where such persons may be affected by a rezoning, variance or an exception determination of a zoning board.” (Emphasis supplied.) The adoption of this liberalized rule will no doubt have a salutary effect on the fight by responsible civic associations to preserve the quality of their neighborhoods.
In Douglaston, the court set forth the relevant considerations to determine standing (p 7): " XI) the capacity of the organization to assume an adversary position, (2) the size and composition of the organization as reflecting a position fairly representative of the community or interests which it seeks to protect and (3) the adverse effect of the decision sought to be reviewed on the group represented by the organization as within the zone of interests sought to be protected.’ ” The court went on to state (p 8) that the presence of these factors would "insure that the necessary adverseness is present for litigation of the issues raised by the petitioner and that the petitioner is not a mere intermeddler in the administrative process.”
The affidavit of Norman E. Blankman in support of the petition reveals that petitioner A.W.A.R.E. does not possess standing herein. In said affidavit, Blankman states: "A.W.A.R E. [agreed to] undertake to institute litigation against the defendants herein on behalf of the residents of South Carle Place who are adversly [sic] affected by the illegal *1013 construction of and use by the Takashimaya/Pintchik complex.” Thus, A.W.A.RE. is not aggrieved but is purportedly acting pursuant to an alleged grant of authority by the South Carle Place Civic Association. The papers in support of the petition fail to establish the nature of said association, e.g., its capacity, size and composition, and likewise fail to establish the delegation of authority to petitioner to represent it. In any event, it is manifest to this court that A.W.A.R.E. does not satisfy the criteria set forth by the Court of Appeals in Douglaston so as to enable it to have standing herein. It is also significant that South Carle Place Civic Association, regardless of its composition, has not even been made a party plaintiff herein, and seeks no relief on behalf of its membership. Petitioner Phyllis Molloy merely alleges that "she is a homeowner and taxpayer with premises located at 37 Roosevelt Court, Carle Place, New York”. She does not allege any pecuniary damages or property depreciation in the petition and accordingly, there has been no showing that she is an aggrieved party (Marcus v Village of Mamaroneck, 283 NY 325, 333; Schapiro v Town of North Hempstead, 35 AD2d 596; cf. Matter of Mueller v Anderson, 60 Misc 2d 568, 569).
While the foregoing disposes of the matter, the court observes that contentions urged by petitioners have been considered and that were the petition not being dismissed for lack of standing, it would be dismissed on the merits.
To the extent that the subject petition seeks a review of the April, 1972 decision of the Board of Zoning and Appeals of the Town of North Hempstead, it is time barred by the Statute of Limitations (CPLR 217; Town Law, § 267, subd 7). To the extent that the petition seeks the remedy of mandamus to compel respondent town to enforce its ordinances with respect to the Takashimaya/Pintchik complex, it is without merit.
On the basis of an independent survey by a regional planner dated October 16, 1973 which asserts that the proper number of parking spaces has allegedly not been provided for in the subject complex, petitioners ask this court to compel respondent town to enforce its ordinances. The remedy of mandamus is an extraordinary one, and petitioners have the burden to show that they have a legal right to the relief sought. This, they have utterly failed to do. The survey, which was not before the board in any of the hearings herein, provides no basis for this court to interfere with the board in the performance of its duties, since the board has been apparently satis *1014 fied by documentary material that the requisite number of parking spaces has been provided in the complex. The propriety of granting the remedy of mandamus under such circumstances has been dealt with previously and the language with respect thereto is worthy of repetition herein: "It would not be a wise exercise of judicial powers to interfere with the administrative officials of the city in the performance of their duties, unless the illegal acts complained of result in the waste of public funds or are so flagrant and numerous as to be injurious to the public welfare” (Cortellini v City of Niagara Falls, 257 App Div 615, 616-617; see, also, Matter of Sindeband v Kramer, 35 Misc 2d 1032). Significantly, there have been no allegations by petitioners that the public welfare has been jeopardized warranting this court to interfere in the orderly processes of local government.
Accordingly, judgment is granted to respondents dismissing the petition.