Hon. James P. Duffy III Village Counsel, East Williston
This is in response to your request wherein you ask whether or not General Ordinance No. 14 of the Village of East Williston is enforceable by the Nassau County Police Department against violations which occur on school property owned by Union Free School District No. 2 upon a complaint filed by a local resident.
It is axiomatic that it is the duty of police officers to protect persons and property and to enforce and uphold the laws in force in their geographic area of employment. Subdivisions 1 and 10 of section 8-22.0 of the Nassau County Administrative Code which is entitled "Duties of police department" in effect codify this principle wherein it is provided, in part, that it is the duty of the police department to:
"1. Preserve the public peace.
* * *
 "10. Enforce and prevent the violation of all laws and ordinances in force in such district; and for these purposes with or without warrant, to arrest all persons guilty of violating any law or ordinance for the suppression or punishment of crime and offenses."
No authority whatsoever is found for the proposition that school district property or activity which occurs thereon, are exempt from the applicability of ordinances enacted by the municipality in which such school property is located.
McQuillin on Municipal Corporations states that:
 "In the local community these school authorities are supreme in all matters directly, or by implication, involving the subject of education committed to them, but their power does not extend to matters of government police regulations of the territory in which they discharge their duties." McQuillin Mun Corp (3rd ed) § 46.07 p 666. (Emphasis supplied.)
The Missouri Court of Appeals in Kansas City v Fee, 174 Mo App 501,160 S.W. 537 made a succinct exposition of how untenable would be the situation which would arise were this proposition of school property immunity to be adopted. The court, in rejecting such a theory declared:
 "[T]he result of such a theory would be to create little separate and independent kingdoms within the city where the sovereignty given to it by the state could not operate. In other words, there would be `spots' in the city where its laws would have no force." Fee, supra, p 540:
Earlier in its decision the court in Fee, supra, had stated:
 "Our laws vest in the public school authorities the `supervision of instruction' but nowhere gives them governmental police power. (Citations omitted.) In other words, the school authorities are supreme in all matters directly, or by implication, involving the subject of education, but with the matter of governmental police regulations, having to do solely with the maintenance of public order and peace, the health, safety, and freedom from violence of the citizens of the state and the protection of property from destruction by violence, the school authorities have nothing to do.
* * *
 "The work of education and everything necessary or impliedly necessary, to the carrying on of the work is committed to the school board, and the city has no right to interfere with that work or direct how it shall be done; and the work of maintaining public order, establishing and enforcing police regulations which preserve the health and safety or persons and property, is committed to the city and the school board has no right to interfere with that work * * *" Fee, supra, p 538. (Emphasis supplied.)
Carmody v City of Elmira, 160 Misc. 916, 917; 290 NYS 1021, 1022 holds that "[p]arties aggrieved by the violation of an ordinance may file a complaint and cause a warrant to be issued."
Your attention is directed to sections 240.20 and 240.35 of the Penal Law dealing with disorderly conduct and loitering respectively. The activity which you describe in your letter of inquiry would seem to be proscribed conduct under these sections.
Thus it is our opinion that school district property, simply because the district itself is a quasi-political entity, is not an oasis exempt from the application of the subject ordinance which was enacted by the Village in an exercise of the police power vested in it under former section 90 of the Village Law. Since such an ordinance is enacted in the public interest, any aggrieved individual may legitimately file a complaint with the police department concerning violations thereof. In rendering this opinion, this office, as is its policy, makes no comment on the legality or constitutionality of the subject ordinance.