In the Matter of TRINITY SYNDICATE CORP. et al., Appellants, v DEPARTMENT OF FINANCE OF THE CITY OF NEW YORK, Respondent.

First Department, April 19, 1983

### APPEARANCES OF COUNSEL

*Arnold B. Panzer* of counsel (*Barbara T. Kaplan* with him on the brief; *Roberts & Holland,* attorneys), for appellants.

*Jerome Weinstock* of counsel (*Cornelius Roche* with him on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for respondent.

### OPINION OF THE COURT

SANDLER, J.

Petitioners are domestic corporations engaged in the real estate business in New York City. On or about July 18, 1980 the Bureau of Tax Collections of the City of New York Department of Finance issued to each petitioner a notice of determination assessing a tax deficiency under the New York City general corporation tax. Pursuant to section R46-70.0 of the Administrative Code of the City of New York petitioners filed with the Department of Finance a consolidated petition for a hearing to review the

determinations. Consolidated hearings were thereafter held at the Hearing Bureau of the Department of Finance before a referee. On or about November 15, 1981 petitioners received notices of the final determinations by the Department of Finance together with findings of the referee denying the petitions in all respects and sustaining the determinations previously set forth.

On March 15, 1982 petitioners served on the Corporation Counsel of the City of New York a notice and petition pursuant to CPLR 311 (subd 2) seeking review and vacatur of the final determinations under CPLR article 78. A copy of the notice and petition was also mailed to the Department of Finance. It is conceded by petitioners that this mailing did not constitute service on the department. It is conceded by the respondent that March 15, 1982 was a timely date for the commencement of the proceeding pursuant to subdivision 1 of section R46-71.0 of the Administrative Code.

Respondent moved to dismiss on the ground that the Commissioner of Finance was a necessary party and that he was not personally served within the four-month period of limitation. Special Term granted the motion.

The central issue presented is whether the determinations sought to be reviewed are those of the Commissioner of Finance, in which event the failure timely to serve that officer personally was a fatal defect, or the Department of Finance. The perplexing problem presented arises from the fact that there is solid support in the relevant sections of the Administrative Code and the New York City Charter for either position.

Respondent quite reasonably relies on several sections of the Administrative Code, enacted in 1966, which detail the duties of an official described as the "Director of Finance", a term presently understood to mean the "Commissioner of Finance". Referring to administrative review of tax deficiency determinations sought by way of a petition, section R46-70.0 of the Administrative Code specifically directs a hearing to be conducted by the Director of Finance or by a hearing officer designated by him, whose function is to take evidence and report to the director. The section provides that the Director of Finance shall decide the case as

quickly as practicable, and that a notice of decision shall be mailed promptly setting forth his findings of fact and a statement of the grounds of decision in each case decided in whole or in part adversely to the taxpayer.

Section R46-71.0 provides in pertinent part that a decision of the Director of Finance shall be subject to judicial review in the manner provided by law for the review of a final decision or action of administrative agencies of the city; that an application for such review must be made within four months after notice of the decision is sent by certified or registered mail; and that such review shall be the exclusive remedy available to a taxpayer for judicial determination of tax liability.

Notwithstanding the apparently clear meaning of these Administrative Code sections, several sections of the New York City Charter, enacted in 1977, provide strong support for the petitioners' contention that the action sought to be reviewed is that of the Department of Finance. Section 1501 provides for "a department of finance, the head of which shall be the commissioner of finance", and section 1503 empowers the commissioner to exercise "any of the functions, powers and duties vested in him or in the department by this chapter or otherwise." Section 1504, under the caption "Functions of the department", provides with regard to tax collection the following, in paragraph a of subdivision 2: "2. Tax collection. a. The department shall administer all excise and non-property taxes imposed or administered by the city. With respect to such taxes, the department shall have the power to settle and adjust all claims in favor of or against the city and to make determinations in contested cases. For such purposes, the commissioner or his delegate may hold hearings and administer oaths."

Section 1151 of the charter provides that charter provisions take precedence over previously enacted provisions of the Administrative Code insofar as the code and charter provisions are inconsistent. (See, also, *Matter of Tormey v LaGuardia,* 172 Misc 1091, affd 259 App Div 802, affd 284 NY 607.)

In light of the specific provision of section 1504 (subd 2, par a) vesting the department with the power to make

determinations in contested cases, there would appear to be a strong basis for petitioners' conclusion that the determinations here sought to be reviewed are those of the department. As against this, of course, it may be argued that there is no inherent conflict between the New York City Charter and the Administrative Code sections, and that the Administrative Code sections described earlier continue to be viable as representing a delegation of power, vested in the department by the New York City Charter, to the commissioner. (Charter of City of New York, § 1151, subd c.)

Adding to the confusion and uncertainty inherent in the above is the further circumstance that numerous reported judicial decisions, in their titles, identify the Department of Finance as the party whose action is sought to be reviewed in article 78 proceedings, and there are many others whose titles describe the respondent as the Commissioner of Finance.

■ Presented with this confusing pattern of unclear and contradictory Administrative Code and New York City Charter provisions, it would seem the fairer and more sensible approach to conclude that either the commissioner or the department is an appropriate respondent in an article 78 proceeding seeking judicial review of a final tax determination. On the one hand it would be unfair to put in doubt the validity of proceedings brought against the commissioner in reliance on the clear language of the Administrative Code and the obvious preference of the department and the commissioner that he be deemed the appropriate respondent. It would seem equally unfair and unwarranted to deny a taxpayer the right to judicial review on the merits of an adverse tax determination who relied on the plain meaning of the relevant New York City Charter provision and whose counsel did not work his way through this legislative maze to reach the conclusion preferred by the respondent. It would of course be an obvious solution to the problem pointed up in this case if the notices of decision mailed to the taxpayer specified the appropriate party to serve in an article 78 proceeding, or if the Administrative Code or the New York City Charter, or both, were amended to clarify the question.

The remaining question is whether or not service on the Corporation Counsel constitutes appropriate service on the Department of Finance.

CPLR 311 provides:

"Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows * * *

"2. Upon the city of New York, to the corporation counsel or to any person designated by him to receive process in a writing filed in the office of the clerk of New York county".

■ Since the Department of Finance is clearly a governmental subdivision, and not a court, board or commission, service upon which is regulated by CPLR 312, the service timely effected here was valid.

Accordingly, the order and judgment of the Supreme Court, New York County (GOMEZ, J.), entered July 7, 1982, which granted respondent's cross motion to dismiss the petition, should be reversed, on the law, the petition should be reinstated, and the matter should be remanded for further proceedings.

MURPHY, P. J., ROSS, KASSAL and ALEXANDER, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on July 7, 1982, unanimously reversed, on the law, the petition reinstated and the matter remanded for further proceedings.