■ In the Matter of GORDON W. YOUNG et al., Appellants, v TOWN OF HUNTINGTON, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent to comply with the zoning and building provisions of its town code, the petitioners appeal, by permission, from an order of the Supreme Court, Suffolk County (Orgera, J.), dated August 31, 1983, which granted the respondent's motion to dismiss the petition.

Order affirmed, with costs.

In this proceeding in the nature of mandamus, the petitioners, who are homeowners in a residential district adjoining an industrial district containing a municipal storage and repair garage, seek to compel the respondent, the Town of Huntington, to comply with the zoning and building provisions of its town code in the operation of the garage. They contend that since about 1975 the expansion and intensified use of the garage has caused increased noise, traffic and glare in their neighborhood.

Special Term properly dismissed the petition. It is well established that mandamus is an extraordinary remedy which will lie only to enforce a clear legal right (see, Matter of City of Newburgh v Public Employment Relations Bd., 63 NY2d 793). It will not lie to compel performance of a discretionary duty by an administrative body, but only to compel performance of an act commanded to be performed by law and involving no exercise of discretion (see, Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88). Regardless of whether certain of the conditions said to be existing at the garage may violate the zoning or building provision of the town code, the decision to enforce those codes rests in the discretion of the public officials charged with enforcement (see, Matter of Fried v Fox, 49 AD2d 877; Matter of Perazzo v Lindsay, 30 AD2d 179, affd 23 NY2d 764) and is not a proper subject for relief in the nature of mandamus. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.