■ In the Matter of BONNIE D. HLAVAC, Appellant, v DANIEL P. GUIDO, as Police Commissioner of the Police Department of the County of Suffolk, et al., ·Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Daniel P. Guido, Police Commissioner of the County of Suffolk, and Alan Schneider, Personnel Officer of the Department of Civil Service of the County of Suffolk, dated August 3, 1988, dismissing the petitioner from the position of probationary police officer in the Police Department of the County of Suffolk and to compel her reinstatement with back pay, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Leis, J.), dated August 25, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly dismissed the proceeding as against the individual respondents for untimeliness. The petitioner concedes that they were not served within the four-

month limitation period of CPLR 217 *(see generally, D.B.C.G., Inc. v Town of Ramapo,* 97 AD2d 533; *Matter of Trinity Syndicate Corp. v Department of Fin.,* 93 AD2d 122, 123), and the circumstances of this case do not give rise to the application of any toll of the limitations period *(see generally, Raschel v Rish,* 69 NY2d 694; *Connell v Hayden,* 83 AD2d 30). Moreover, the dismissal of the proceeding as against the respondent County of Suffolk was also proper, inasmuch as the petition alleged no wrong doing on the part of the County and sought no relief which the County had the authority to provide *(see generally, Matter of Reden v Nassau County Civ. Serv. Commn.,* 133 AD2d 694). Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.