■ In the Matter of ALAN D. KROLL et al., Appellants, v VILLAGE OF EAST HAMPTON et al., Respondents, et al., Respondents. [741 NYS2d 98] —In a proceeding pursuant to CPLR article 78, inter alia, to review a resolution of the Zoning Board of Appeals of the Village of East Hampton, dated February 13, 1998, which approved an application by the Palm Management Corp. to pave over a certain parcel of land for use as a parking area, the petitioners appeal from so much of a judgment of the Supreme Court, Suffolk County (Hall, J.), dated June 27, 2000, as dismissed the proceeding insofar as asserted against the Village of East Hampton, the Board of Trustees of the Village

of East Hampton, the Zoning Board of Appeals of the Village of East Hampton, the Design Review Board of the Village of East Hampton, Thomas Lawrence, Code Enforcement Officer of the Village of East Hampton, and the Office of Code Enforcement of the Village of East Hampton.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Village Law § 7-712-c (1) provides that the limitations period within which to file an appeal from a decision of a village zoning board of appeals is 30 days from the date it is filed in the Office of the Village Clerk. This statute of limitations bars the commencement of any challenge to a zoning board's decision after the 30-day period has run (*see Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson,* 78 NY2d 1083).

The petitioners allege in the amended petition that Palm Management Corp. (hereinafter Palm), on at least four occasions in 1980, 1982, 1994, and 1998, sought approval from the Zoning Board of Appeals of the Village of East Hampton (hereinafter ZBA) for activities that in essence unlawfully modified, enhanced, or enlarged the nonconforming uses of the subject properties. The ZBA's last determination, dated February 13, 1998, granted Palm's application to pave over a grassy parcel of land that had been used for parking.

It is uncontroverted that the petitioners, who had personal knowledge of the various applications, and who had actively participated at the public hearings, oftentimes represented by counsel, failed to challenge any of the four ZBA determinations involved herein within the 30-day periods set forth in the Village Law. Accordingly, they are now time barred from seeking review of those determinations (*see Matter of Crepeau v Zoning Bd. of Appeals of Vil. of Cambridge,* 195 AD2d 919). The fact that the determinations contained conditions attached to the approvals did not extend the statute of limitations (*see Matter of De Bellis v Luney,* 128 AD2d 778).

It is clear, therefore, that regardless of how the petitioners characterize their proceeding or pleadings, once the statute of limitations had expired as to every determination they now seek to review, the Supreme Court properly dismissed the petition as time barred.

Moreover, the petitioners' claim against both the Board of Trustees and the Design Review Board of the Village of East Hampton must fail since the petition fails to allege any act or wrongdoing on their part (*see Matter of Hlavac v Guido,* 170 AD2d 679). In addition, to the extent that the petition seeks to have the Village Code Enforcement Officer enforce the Village's

zoning ordinances, it is in essence a request for relief in the nature of mandamus (CPLR 7803 [1]), which does not lie to compel the performance of a discretionary act (*see Matter of Dyno v Village of Johnson City,* 261 AD2d 783; *Matter of Young v Town of Huntington,* 121 AD2d 641).

The petitioners' remaining contentions are without merit. Santucci, J.P., Smith, Goldstein and Friedmann, JJ., concur.