Victoria M. LELAND, Roy R. Leland, and Maxine Chapin, Plaintiffs–Appellants,

v.

Marc MORAN, Alan Fuchs, Albert Klauss, David G. Pollock, Gerald Depew, Village of Ellenville, Raymond Younger, Michael Mills, Joseph Straub and Village of Ellenville Police Department, Defendants–Appellees,

Town of Wawarsing, Joseph Stoeckler and John Kissell, Defendants.

No. 03–7097.

United States Court of Appeals, Second Circuit.

Nov. 6, 2003.

Scott A. Thornton, (Stephen Bergstein, on the brief), Thornton, Bergstein & Ullrich, LLP, Chester, New York, for Appellants.

Joseph Koczaja, Assistant Attorney General (Eliot Spitzer, Attorney General; Peter H. Schiff, senior counsel; John J. Sipos, Assistant Attorney General, on the brief) New York, New York, for State Appellees.

Kimberly Boucher Furnish, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., for Village Appellees.

Present: KEARSE, McLAUGHLIN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered on December 16, 2002, is hereby AFFIRMED.

Plaintiffs–Appellants Victoria M. Leland, Roy R. Leland, and Maxine Chapin (collectively "Plaintiffs"), property owners in the Village of Ellenville, New York, sued Defendants–Appellees, the Village of Ellenville, the Village Police Department, and various Village officials (collectively "Village Defendants"); the Town of Wawars-

ing and certain of its officials (collectively "Wawarsing Defendants"); and officials of the New York State Department of Environmental Conservation ("State Defendants") pursuant to 42 U.S.C. § 1983 for violating their rights to both procedural and substantive due process. Plaintiffs now appeal an award of summary judgment in favor of Defendants.

We review an award of summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See Mario v. P. & C. Food Markets, Inc.*, 313 F.3d 758, 763 (2d Cir.2002). Summary judgment is warranted only " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir.1997) (quoting Fed.R.Civ.P. 56(c)).

■ Plaintiffs' procedural due process claim is premised on Defendants' alleged failure to enforce local zoning ordinances and state environmental laws as they apply to the Ellenville Scrap Yard. Plaintiffs allege that these ordinances and laws conferred on them a property interest in land use regulation, an interest that enjoys due process protection against state deprivation.

When, as in this case, a due process claim depends upon an alleged property right in land use regulation, this court applies a strict entitlement test, *see Harlen Assocs. v. Inc. Village of Mineola*, 273 F.3d 494, 503 (2d Cir.2001), "focus[ing] on the degree of official discretion and not on the probability of its favorable exercise," *Gagliardi v. Village of Pawling*, 18 F.3d 188, 192 (2d Cir.1994) (internal quotations omitted). Thus, "[w]here a local regulator has discretion with regard to the benefit at

issue, there normally is no entitlement to that benefit." *Id.*

The Supreme Court has long recognized "that an agency's decision not to prosecute or enforce . . . is a decision generally committed to an agency's absolute discretion," which courts are particularly ill-equipped to review. *Heckler v. Chaney*, 470 U.S. 821, 831, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). New York courts are in agreement. *See Gaynor v. Rockefeller*, 15 N.Y.2d 120, 131, 256 N.Y.S.2d 584, 592, 204 N.E.2d 627 (1965) (reiterating settled judicial policy "not to review the exercise of discretion by public officials in the enforcement of State statutes, in the absence of a clear violation of some constitutional mandate"); *Kroll v. Village of East Hampton*, 293 A.D.2d 614, 615–16, 741 N.Y.S.2d 98, 99 (2d Dep't 2002) (noting that enforcement of village zoning codes is "a discretionary act"); *Young v. Town of Huntington*, 121 A.D.2d 641, 642, 503 N.Y.S.2d 657, 657–58 (2d Dep't 1986) ("the decision to enforce . . . [town building and zoning] codes rests in the discretion of the public officials charged with enforcement").

The laws or ordinances relied on by Plaintiffs indicate that both the Village and State Defendants enjoy considerable discretion in the exercise of their enforcement duties. Specifically, § 227–104 of the Village Zoning Code, § 27–6 of the Village Code, and N.Y. Village Law § 4–400, empower Defendants to enforce certain laws and regulations. Because they do not mandate any particular enforcement action, much less the appropriate outcome in any case, they do not confer entitlement that enjoy federal due process protections. *See generally Sealed v. Sealed*, 332 F.3d 51, 56–57 (2d Cir.2003). Similarly, §§ 227–15 of the Village Zoning Code and Chapters 119 and 137 of the Village Code define types of prohibited conduct that may be subject to enforcement actions;

they do not curtail the Village Defendants' otherwise broad discretion to decide when to pursue enforcement, *see* Village Zoning Code § 227–105(A) ("authoriz[ing]" building inspector to issue remedial orders); § 227–106 ("empower[ing]" enforcement officer to "institute any appropriate action"). Indeed, § 227–107 of the Village Zoning Code specifically contemplates that public officials and taxpayers may sometimes disagree as to when enforcement actions are warranted by outlining circumstances when taxpayers may institute their own actions. *Cortellini v. City of Niagara Falls*, 257 A.D. 615, 14 N.Y.S.2d 924 (4th Dep't 1939), and *Carmody v. City of Elmira*, 160 Misc. 916, 290 N.Y.S. 1021 (1936), relied on by Plaintiffs, hold that when citizens have such alternative remedies, New York courts will not entertain claims to compel official enforcement.

Similarly, Art. 14, section 4, of the New York State Constitution, and N.Y. Environ. Cons. Law §§ 3–0301, 17–0103, 17–1401, 27–0301, and 71–0201 all relate to the State Defendants' duties to administer and enforce state environmental laws and regulations, but those duties necessarily involve the exercise of judgment, discretion, and allocation of resources, *see generally State of Connecticut ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 105 n. 19 (2d Cir. 2003), which precludes a finding that Plaintiffs have a property right entitled to due process protection, *see Sealed v. Sealed*, 332 F.3d at 56–57; *Gagliardi v. Village of Pawling*, 18 F.3d at 192.

■ To the extent that Plaintiffs argue that Defendants, by failing to protect them against environmental hazards arising from the operation of the Ellenville Scrap Yard, deprived them of liberty or property interests in violation of their rights under the substantive component of the Due Process Clause, their argument likewise lacks merit. The Due Process Clause generally secures persons from the abusive exercise of government power; it imposes no affirmative duty on the government to guarantee a minimal level of safety or well-being, except in cases of a "special relationship" or "state-created danger," *see DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196–97, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); *see also Collins v. City of Harker Heights*, 503 U.S. 115, 126–27, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992), neither of which is present in this case. Further, the record indicates that Defendants have endeavored over the years to enforce zoning and environmental requirements at the Ellenville Scrap Yard. To the extent Plaintiffs fault the quality of those efforts, we note that official negligence, even if proven, does not give rise to a substantive due process claim. *See County of Sacramento v. Lewis*, 523 U.S. 833, 848–49, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Indeed, our court has ruled that "[a]rbitrary conduct that might violate zoning regulations as a matter of state law is not sufficient to demonstrate conduct so outrageously arbitrary as to constitute a gross abuse of governmental authority that will offend the substantive component of the Due Process Clause." *Natale v. Town of Ridgefield*, 170 F.3d 258, 262 (2d Cir. 1999).

In sum, because Plaintiffs have failed to adduce evidence that could support either a procedural or substantive due process claim, we AFFIRM the district court's award of summary judgment.