In the Matter of MARGARET NORDMANN-MORONEY et al., Respondents, v BOARD OF APPEALS OF VILLAGE OF WESTBURY et al., Respondents. TOMASINA MASTROIANNI, Nonparty Appellant. [867 NYS2d 105]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Appeals of the Village of Westbury dated May 31, 2007, Tomasina Mastroianni appeals, by permission, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated November 26, 2007, as denied her motion for leave to intervene and denied her separate motion for a change of venue as academic.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 12, 2007 William Mello, Senior Building Inspector of the Village of Westbury, issued a stop work order inter-

rupting ongoing renovation of the petitioners' home based upon a complaint by their neighbor Tomasina Mastroianni that a proposed pitched roof over the petitioners' sunroom would interfere with the scenic view from her property. The petitioners submitted an application for an area variance to the Board of Appeals of the Village of Westbury (hereinafter the Board), seeking permission for several renovations, including the pitched roof. Mastroianni appeared as an objectant at the public hearing on the petitioners' application.

On May 31, 2007 the Board issued a determination granting the requested variance for all renovations except the pitched roof. The petitioners timely commenced this proceeding pursuant to CPLR article 78, challenging so much of the Board's determination as was adverse to them. On August 15, 2007 Mastroianni moved for leave to intervene in the proceeding, identifying herself as a party respondent, but requesting affirmatively that the matter be remitted to the Board and that a certain portion of its determination be set aside. The Supreme Court denied her motion. She made a separate motion for a change of venue, which was denied as academic. We affirm the order insofar as appealed from.

A proceeding pursuant to CPLR article 78 to review a determination of a village zoning board of appeals must be commenced within 30 days from the filing of the determination (see Village Law § 7-712-c [1]; Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson, 78 NY2d 1083; Matter of Kroll v Village of E. Hampton, 293 AD2d 614, 615 [2002]). Mastroianni did not seek leave to interpose her claims until more than two months after the statutory period had expired. Her attempt to overcome this fact by arguing that her claims relate back to the date of the filing of the petition is unavailing. The claim of an intervenor relates back to that of the petitioner where both claims are based on the same transaction or occurrence and the petitioner and the proposed intervenor are so closely related that the petitioner's claim would have given the respondent notice of the proposed intervenor's specific claim (see CPLR 7802 [d]; Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono, 91 NY2d 716, 720-721 [1998]; Roosevelt Islanders for Responsible Southtown Dev. v Roosevelt Is. Operating Corp., 291 AD2d 40, 48 [2001]). Here, the claims asserted by Mastroianni are not related to the claims asserted by the petitioners but, rather, are antithetical to them. As a result, the petitioners' claims gave the respondents no notice of the claims later asserted by Mastroianni, and the Supreme Court properly denied Mastroianni's untimely motion for leave to intervene

(*see Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono,* 91 NY2d at 721). As permission to intervene was properly denied, Mastroianni's separate motion for a change of venue was properly denied as academic (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713-714 [1980]). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.