■ In the Matter of JOAN DE R. O'BYRNE, Petitioner, v PETER CORNING, as Acting Supreme Court Justice of the State of New York, Respondent. — Petition unanimously granted to the extent of reducing the sentence imposed in respondent's order of contempt to that of time already served and otherwise petition denied, without costs. Memorandum: Petitioner's citations for contempt are supported by the mandate of commitment and transcript in this case. In the interest of justice, we reduce the sentence of imprisonment to time already served. (Art 78.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ JOHN DE FRANCISCO et al., Constituting the Common Council of the City of Syracuse, et al., Appellants, v DAVID MICHEL, as Commissioner of the Department of Community Development of the City of Syracuse, et al., Respondents. — Order and judgment unanimously affirmed, without costs. Memorandum: We agree with Special Term that the doctrine of *res judicata* mandates the dismissal of the cause of action seeking to vacate the building permit. ¶ Concerning the causes of action seeking to void approval of the project and to enjoin construction of the project, we conclude they are barred by the Statute of Limitations (CPLR 217). Insofar as these causes of action may be considered in the nature of certiorari, they were barred four months after the determination to be reviewed became final. Clearly, the determination became final no later than September 21, 1982, the date the Housing Authority contracted with Conifer Development, Inc., for the construction and purchase of the project. Although the petitioners had knowledge of this determination shortly after it was made, they did not bring this proceeding until May 3, 1984, well beyond the four-month period of limitations. ¶ If we consider the causes of action as being in the nature of mandamus to compel the Housing Authority to perform a mandatory duty, CPLR 217 provides that they must be commenced within four months "after the respondent's refusal, upon the demand of the petitioner * * * to perform its duty". Although there is no showing here of a demand and refusal, "[i]t is the settled law that the demand must be made within a reasonable time after the right to make the demand occurs or * * * within a reasonable time after [petitioners become] aware of the facts which give rise" to the claim (*Matter of Devens v Gokey,* 12 AD2d 135, 136-137, affd 10 NY2d 898). Petitioners were aware, no later than September 21, 1982, that the Housing Authority had given final approval of the project without complying with section 150 of the Public Housing Law and yet they failed, prior to the institution of this lawsuit, to demand compliance with that section. Hence, their causes of action in the nature of mandamus are time barred. (Appeal from order and judgment of Supreme Court, Onondaga County, Grow, J. — art 78.) Present — Dillon, P. J., Doerr, Boomer, Green and Schnepp, JJ. (Order entered June 1, 1984.)