■ Philip Manuli et al., Appellants, v Ralph C. Hilden- brandt, as Superintendent of the Town of Colonie Building Department, et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered October 7, 1987 in Albany County, which, *inter alia,* granted defendants' motions to dismiss the complaint.

Plaintiffs reside in the Town of Colonie, Albany County, adjoining property owned by defendants Kenneth W. Abele and Thelma M. Abele (hereinafter the Abeles) which is used

by defendant Abele Tractor & Equipment Company (hereinafter Abele Tractor) for the operation of a business consisting of selling, servicing and repairing heavy machinery and construction equipment. Plaintiffs brought this declaratory judgment action against the Abeles, Abele Tractor and defendant Ralph C. Hildenbrandt, the Superintendent of the town Building Department, alleging that various activities performed at and structures built on the Abeles' property, all in connection with the operation of Abele Tractor's business, are in violation of the town's zoning ordinance and that the town's Building Department, headed by Hildenbrandt, has refused to enforce the zoning ordinance and stop the violations. Plaintiffs seek a judicial declaration of the violations and an injunction against the Abeles only, restraining them from engaging in the activities and maintaining the structures complained of. Plaintiffs appeal from Supreme Court's dismissal of their complaint as against all defendants.

There should be an affirmance. As to the dismissal of the action against Hildenbrandt, the law is by now quite well settled that the decisions of local municipal officials on whether to enforce zoning codes are discretionary and not subject to judicial oversight in a civil suit or by way of mandamus (*Matter of Young v Town of Huntington,* 121 AD2d 641, 642; *Matter of Fried v Fox,* 49 AD2d 877; *Rottkamp v Young,* 21 AD2d 373, 375-376, *affd* 15 NY2d 831). This principle is fatal to plaintiffs' attempt here to obtain declaratory relief, as to any such zoning violation, against Hildenbrandt in his capacity as the local zoning enforcement official. Plaintiffs have not and cannot allege that official enforcement of the zoning ordinance against the Abeles is a mandatory, rather than a discretionary, act (*cf., Klosterman v Cuomo,* 61 NY2d 525; *Allen v Blum,* 58 NY2d 954). Any judicial declaration with respect to whether the activities or structures on the Abeles' property violated the zoning ordinance would, thus, be purely advisory and would not create any binding obligation to act on Hildenbrandt. In this posture, plaintiffs' claim against Hildenbrandt lacks the necessary justiciability for a declaratory judgment action to lie (*see, Jones v Beame,* 45 NY2d 402, 408-409; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.03).

The absence of a judicial remedy against Hildenbrandt would not, of course, bar plaintiffs from pursuing legal remedies directly against the Abeles to abate a harmful violation of applicable zoning laws (*see,* Town Law § 268 [2]; *Little Joseph Realty v Town of Babylon,* 41 NY2d 738). As to any such

direct action against the Abeles or Abele Tractor, however, plaintiffs are precluded by res judicata. In 1980, plaintiffs sued the Abeles and Abele Tractor for nuisance and malicious interference with light and air arising out of the latter's activities at the subject premises, consisting, *inter alia,* of (1) using the premises for the sale, repairing, servicing and renovating of heavy machinery "in violation of the provisions of ordinances of the Town of Colonie"; (2) using sandblasting and steam-cleaning equipment and machines for the purposes of paint removal from heavy machinery "in violation of the zoning ordinance of the Town of Colonie"; (3) parking heavy vehicles in close proximity to plaintiffs' dwelling and frequently running their motors; and (4) erecting a 10-foot-high solid "spite fence" along the property line. The relief sought included an injunction against the repairing, servicing, painting, and renovating heavy machinery "in violation of the provisions of the Town of Colonie zoning ordinance". An amended complaint was also served, incorporating the foregoing allegations and demands for relief. Upon trial of that action, the jury returned a verdict of no cause of action. A second action was commenced against the Abeles and Abele Tractor in 1986 for trespass and nuisance, alleging that emissions from the sandblasting and steam cleaning of vehicles were being deposited on plaintiffs' property. That action was dismissed on the ground of res judicata.

In the instant action, plaintiffs allege that the 10-foot-high spite fence, parking of heavy duty vehicles near the common boundary line, sale, service and repair of vehicles and construction equipment, steam cleaning and sandblasting of vehicles, described in virtually identical terms as in the complaints in the prior actions, violates specific provisions of the town zoning ordinance. The only additional factual allegation refers to sheds and racks installed near the parties' boundary line and reinstalled after the spite fence was constructed. Thus, substantially all of the activities of the Abeles and Abele Tractor alleged to have constituted continuing torts in plaintiffs' prior, unsuccessful actions, and for which plaintiffs sought, not only damages, but injunctive relief against future infringement of their rights by such activities, are the same as the activities complained of in plaintiffs' present action. Clearly, the operative facts concerning the conduct of the Abeles and Abele Tractor which constitute the gravamen of plaintiffs' present action are virtually identical to the "transaction, or series of connected transactions" alleged in the earlier actions (Restatement [Second] of Judgments § 24 [1]).

At most, the greater specificity as to plaintiffs' alleged zoning violations merely represents a different substantive theory of recovery from that of the earlier actions, although even this is questionable. Plaintiffs do not contend that there have been any changes in the town's zoning law since the disposition on the merits of the prior actions. Nor have they alleged or otherwise shown that the sheds and racks on the Abeles' property described in their present complaint were not in place when they brought the previous suits. Indeed, their pleading suggests the contrary conclusion. Consequently, their present claims are barred by the dismissal of their prior suits on the merits (see, *O'Brien v City of Syracuse*, 54 NY2d 353, 357-358). Put another way, a judgment in plaintiffs' favor in the present action would impair the rights the Abeles and Abele Tractor acquired in the earlier actions, namely, to continue to conduct the same activities and maintain the same structures (*Schuykill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304, 306-307), and permitting them to maintain this action would "afford [plaintiffs] a second opportunity to obtain substantially the same relief [they were] denied in the prior proceeding, based on the same actions of the [Abeles and Abele Tractor]" (*Matter of Reilly v Reid*, 45 NY2d 24, 31). This remains so despite the contention that these same actions of the Abeles and Abele Tractor continued after the termination of the previous suits (see, *Hurd v Lis*, 126 AD2d 163, 167-168, lv denied 70 NY2d 872; see also, *Engelhardt v Bell & Howell Co.*, 327 F2d 30, 35-36; Restatement [Second] of Judgments § 24, comment d).

Order affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.