■ DAVID LEISING et al., Appellants, v TOWN OF CLARENCE et al., Respondents.—Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Hereafter, in referring to either the CPLR article 78 proceeding or the action seeking injunctive relief, we designate David Leising, Martha Zimmerman and David Krol as plaintiffs and the Albrechts as defendants.

The Judicial Hearing Officer properly determined that the town's grant of a permit to defendants was subject to review in a CPLR article 78 proceeding *(see, Matter of Mobil Oil Corp. v Oaks,* 55 AD2d 809; *Mobil Oil Corp. v City of Syracuse,* 52 AD2d 731) and that, insofar as the petition seeks to review the town's grant of the permit, it is barred by the four-month limitation period of CPLR 217, applicable to CPLR article 78 proceedings *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202; *Solnick v Whalen,* 49 NY2d 224, 229; *De Francisco v Michel,* 103 AD2d 1044). CPLR 217 also bars the allegations that the town failed to follow the procedures mandated by SEQRA *(Matter of Save the Pine Bush v City of Albany, supra,* at 203).

The request for injunctive relief, however, to prohibit defendants from using and maintaining the 18,000-gallon liquid propane gas tanks and from conducting a propane storage and distribution business on their property, cannot be asserted in an article 78 proceeding; therefore, CPLR 217 was improperly applied to that request. An action for injunctive relief is an appropriate vehicle to prevent continuing violations of a zoning ordinance *(Little Joseph Realty v Town of Babylon,* 41 NY2d 738, 744), and is governed by a six-year limitation period *(see,* CPLR 213 [1]; *Filby v Brooks,* 105 AD2d 826, *affd* 66 NY2d 640). An injunction action is subject to the equitable defense of laches *(see, Little Joseph Realty v Town of Babylon, supra,* at 745). We conclude that the doctrine of laches bars so much of plaintiffs' action as seeks to enjoin defendants from conducting a storage and propane bulk loading business on the premises because plaintiffs acquiesced in the alleged violation of the ordinance for more than 30 years *(see, Reizel, Inc. v Exxon Corp.,* 42 AD2d 500, 505, *affd* 36 NY2d 888). However, the request to enjoin defendants' use and maintenance of the recently installed propane tanks in violation of the zoning restrictions is not barred by laches *(see, Marcus v Village of Mamaroneck,* 283 NY 325, 331-332).

The Judicial Hearing Officer did not address the issue of plaintiffs' standing to assert a claim for injunctive relief. We are unable to determine on this record whether plaintiffs sustained special damages as a result of the installation of the propane tanks *(see, Guzzardi v Perry's Boats,* 92 AD2d 250, 253). Because of the inadequacy of the record, we remit the matter for a hearing to determine whether plaintiffs are entitled to enjoin defendants' use and maintenance of two 18,000-gallon propane storage tanks. (Appeal from judgment of Supreme Court, Erie County, Kane, J.—declaratory judgment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.