■ In the Matter of JULIA DYNO et al., Appellants, v VILLAGE OF JOHNSON CITY et al., Respondents. [690 NYS2d 325] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Rose, J.), entered February 3, 1997 in Broome County, which, *inter alia*, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Village of Johnson City Zoning Board of Appeals that respondents Daniel W. Green, III and Marylou Green did not violate the setback requirements of the Village's zoning ordinance.

This appeal* has its genesis in the construction of a basketball backboard and hoop (hereinafter backboard) by respondents Daniel W. Green, III and Marylou Green on their property. Because of the noise assertedly generated by the backboard's presence, petitioners, the Greens' neighbors, complained to the Village of Johnson City Code Enforcement Office that its placement of less than five feet from petitioners' premises violated the minimum setback requirements imposed by local law. When that claim was ultimately rejected by respondent Village of Johnson City Zoning Board of Appeals (hereinafter the Zoning Board), petitioners commenced this proceeding against the Zoning Board and respondent Village of Johnson City (hereinafter collectively referred to as respondents) challenging that determination. After respondents interposed their answer, petitioners, acting *pro se* and without leave of court, filed an amended petition which, together with the petition, was in due course dismissed by Supreme Court. Petitioners appeal.

Their contention that Supreme Court erred by not accepting the petition as amended lacks force. Leave to amend pleadings is freely granted (*see, Matter of Prendergast v Kingston City School Dist.*, 242 AD2d 773, 774) provided, however, that the proposed pleading is not, as here, "plainly lacking in merit" (*Sabol & Rice v Poughkeepsie Galleria Co.*, 175 AD2d 555,

* This matter has been before the Court on two other occasions (*see, Matter of Dyno v Rose*, 260 AD2d 694; *Matter of Dyno v Village of Johnson City*, 255 AD2d 737).

556). The proposed amendments raised claims and sought relief not available by way of a CPLR article 78 proceeding (*see*, CPLR 7803); namely, private nuisance claims against the Greens and injunctive relief to enjoin them from using their property in an allegedly offensive manner (*see*, *Leising v Town of Clarence*, 144 AD2d 969, 970). And insofar as the amended petition seeks to have the Village enforce its local laws and zoning ordinances, it is in essence a request for relief in the nature of mandamus (*see*, CPLR 7803 [1]), which does not lie to compel the performance of such a discretionary function (*see*, *Manuli v Hildenbrandt*, 144 AD2d 789, 790; *see also*, *Matter of Young v Town of Huntington*, 121 AD2d 641, 642).

Addressing the merits, we decline to disturb the Zoning Board's determination as it had a rational basis in the record and was supported by substantial evidence (*see*, *Matter of Khan v Zoning Bd. of Appeals*, 87 NY2d 344, 351; *Matter of Sasso v Osgood*, 86 NY2d 374). The Zoning Board determined that the backboard's placement 3.1 feet from petitioners' property did not violate the five-foot sideyard setback requirement because that requirement applies only to buildings, and a backboard is not a building as that term is defined by the Village of Johnson City Code § 274-4 (B). Furthermore, while petitioners correctly note that a backboard is not specifically enumerated as a permitted use by local law, it is not unreasonable to conclude that it is a permissible "accessory use", which is defined by Village of Johnson City Code § 274-4 (B) as one "customarily incidental and subordinate to the principal use * * * and located on the same lot." That this is indeed a customary use is borne out by the number of private properties within the Village containing backboards.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.