■ In the Matter of GEORGE A. "MICKEY" MAYES, Appellant, v JAMES COOPER, as Chair of the Town of Warrensburg Zoning Board of Appeals, et al., Respondents. [724 NYS2d 791] —Spain, J. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered February 10, 2000 in Warren County, which, in a proceeding pursuant to CPLR article 78, inter alia, granted respondents' motion to dismiss the amended petition.

The pertinent events underlying this proceeding began in May 1999 when petitioner filed a complaint with the Town of Warrensburg Code Enforcement Officer (hereinafter CEO) alleging that his neighbor, Bryan Rounds, had been operating a contractor's yard from his personal residence in violation of the zoning ordinance of the Town of Warrensburg in Warren County. After an investigation, the CEO issued a determination finding no such violation. Petitioner appealed to the Town Zoning Board of Appeals (hereinafter ZBA) and a hearing was held on August 12, 1999 on this matter as well as two additional appeals filed by petitioner seeking review of a March 25, 1999 decision by the Town Planning Board granting Rounds site plan approval to erect a fence on his property and annulment of the certificate of completion filed by the CEO upon completion of the fence. The ZBA denied petitioner's appeal from the CEO's determination finding no zoning ordinance violation and dismissed the other appeals as untimely and on the ground that the ZBA lacks jurisdiction to review determinations of the Planning Board. The ZBA denied petitioner's request for a rehearing at its October 1999 meeting.

Petitioner commenced this CPLR article 78 proceeding against the individual members of the ZBA challenging its August 12, 1999 determination. The amended petition appears

to challenge the ZBA's confirmation of the CEO's determination of no violation as well as seek annulment of the Planning Board's site plan approval and the certificate of completion. Supreme Court granted respondents' motion to dismiss the amended petition finding that the ZBA had no authority to review Planning Board decisions, without addressing the ZBA's disposition of the CEO's finding of no violation. Petitioner appeals, arguing, *inter alia*, that his complaint was improperly denied by the CEO, that he was not afforded a full and fair hearing before the ZBA and that the ZBA's decision was not supported by the record evidence.

We affirm. Initially, to the extent that the petition seeks to compel the ZBA to enforce its local zoning ordinance, we note that "it is in essence a request for relief in the nature of mandamus (*see*, CPLR 7803 [1]), which does not lie to compel the performance of such a discretionary function" (*Matter of Dyno v Village of Johnson City*, 261 AD2d 783, 784, *lv denied* 94 NY2d 818; *see*, *Manuli v Hildenbrandt*, 144 AD2d 789, 790).

Petitioner's challenge to the sufficiency and fairness of the ZBA hearing is premised primarily on the ZBA's refusal to allow petitioner to read a prepared summary of facts at the public hearing. The ZBA, however, accepted the summary into the record along with all of petitioner's voluminous submissions, provided copies to the public and then afforded petitioner ample opportunity to speak and to answer questions. Accordingly, we conclude that petitioner was afforded a full and fair hearing (*see*, *Matter of Kontogiannis v Fritts*, 144 AD2d 850, 852).

Turning to petitioner's claims that the ZBA's determination was not supported by the evidence, we note first that petitioner's assertions that respondents failed to review the evidence submitted are completely unsubstantiated. Moreover, our review of the record indicates that the ZBA properly upheld the CEO's reasoned determination that there was insufficient evidence that the lot was consistently being used for an ongoing commercial purpose in violation of the Town's zoning laws. The proof submitted by petitioner to establish that Rounds was operating a contractor's yard between October 1998 and May 1999 consisted of petitioner's allegations that construction vehicles were parked on the lot from time to time, several photographs showing large trucks parked on the property and an admission by Rounds that on a single occasion, he repaired a vehicle on the lot. This evidence was not inconsistent with the CEO's findings that, on several occasions, construction vehicles were present on Round's property in connection with some personal use, but that he had not engaged in any pattern

of continuous commercial use of the parcel. We further find petitioner's claim that the ZBA improperly deferred to Rounds due to his status as Chair of the Planning Board to be wholly unsupported. Thus, we conclude that the ZBA's determination had a rational basis in the record and was supported by substantial evidence and, accordingly, should not be disturbed (*see, Matter of Dyno v Village of Johnson City, supra,* at 784; *Matter of Conte v Town of Norfolk Zoning Bd. of Appeals,* 261 AD2d 734, 735-736).

Petitioner no longer appears to be challenging the decisions of the Planning Board with respect to Rounds' fence and, in any event, those claims were properly dismissed as the ZBA is without authority to review determinations of the Planning Board (*see,* Town Law § 274-a [11]).

We have considered petitioner's remaining contentions and find they are without merit.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.