■ In the Matter of VESTAL TEACHER'S ASSOCIATION, Appellant, v VESTAL CENTRAL SCHOOL DISTRICT et al., Respondents. [773 NYS2d 468]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Hester, Jr., J.), entered June 24, 2003 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to annul or amend a policy concerning the reporting of suspected child abuse, neglect or maltreatment to the New York State Central Registry.

Petitioner is the union representing all teachers in respondent Vestal Central School District, located in the Town of Vestal, Broome County. Education Law § 3209-a mandates that every school district enact policies and procedures to handle the reporting of child abuse, neglect or maltreatment. Accordingly, in 1991, the district adopted a written policy entitled "Child Abuse and Maltreatment Identification and Reporting Procedures" (hereinafter the reporting policy). In August 2002, petitioner filed a notice of claim asserting, among other things, that the reporting policy was improperly worded and should be revised. In November 2002, the district conducted an examination, pursuant to General Municipal Law § 50-h, to explore the contents of the notice of claim. At the hearing, recently-terminated guidance counselor, Deborah Kane, testified about her disagreements with the school principal over the reporting policy. No grievance containing those allegations was filed.[1] On the same date of the hearing, petitioner commenced this

---

1. We note that the August 2002 notice of claim requested the reinstatement of Kane to her former position due to the alleged dispute over the reporting policy. Supreme Court rejected that claim based upon Kane's challenge to

proceeding pursuant to, inter alia, CPLR article 7803 (1) and (3)[2] seeking a judgment directing respondents to rescind the reporting policy, as well as an order compelling respondents to revise and restate the reporting policy so as to include language recommended by petitioner. Supreme Court dismissed the petition, prompting this appeal.

Supreme Court properly dismissed this proceeding. With respect to petitioner's claim that it was entitled to relief in the nature of mandamus to compel, we note that, in order to commence such a proceeding, "it is necessary to make a demand and await refusal. The Statute of Limitations begins to run on the date of the refusal and expires four months thereafter" (*Matter of Agoado v Board of Educ. of City School Dist. of City of N.Y.*, 282 AD2d 602, 603 [2001]; *see Austin v Board of Higher Educ.*, 5 NY2d 430, 442 [1959]; *Matter of Blue v Commissioner of Social Servs.*, 306 AD2d 527, 528 [2003]).

Here, the reporting policy was enacted in 1991, however, there is no evidence that petitioner made any demand or complaint as to its provisions prior to filing the notice of claim in August 2002. Significantly, even if the notice of claim were to be construed as a demand for relief, respondents never refused the demand as is required prior to commencement of a proceeding in the nature of mandamus to compel. The initiation of a hearing pursuant to General Municipal Law § 50-h cannot be construed as a refusal of a demand or a final determination.

Furthermore, regardless of the dispute as to refusal and demand, the fact remains that Supreme Court properly held that mandamus to compel is not the appropriate form of relief herein. "Mandamus for such purpose . . . lies only where the right to relief is 'clear' and the duty sought to be enjoined is performance of an act commanded to be performed by law and involving no exercise of discretion" (*Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 96 [1981] [citation omitted]). Respondents' legal duty pursuant to Education Law § 3209-a was to enact a reporting policy which it did in 1991. In our opinion, petitioner's demand that respondents rescind or revise the reporting policy clearly involves the exercise of respondents' discretionary responsibilities (*see id.* at 96-97). Accordingly, mandamus to compel does not lie under the circumstances pre-

her termination on different grounds in a separate proceeding (*see Matter of Vestal Cent. School Dist. [Vestal Teacher's Assn.]*, 2 AD3d 1190, 1191-1192 [2003]) and petitioner does not renew the reinstatement request on this appeal.

2. Petitioner has not pursued on this appeal its claim that it was entitled to relief pursuant to CPLR 7803 (2).

sented by petitioner (*see United Methodist Retirement Community Dev. Corp.*, 110 AD2d 292, 294 [1985]).

Turning to petitioner's arguments pursuant to CPLR 7803 (3), it is clear that a CPLR article 78 proceeding containing an August 2002 challenge to the 1991 reporting policy on arbitrary and capricious grounds cannot be considered timely (*see* CPLR 217). Nor can petitioner maintain a CPLR article 78 proceeding alleging that the reporting policy was improperly applied as to Kane in the absence of an adverse grievance decision or other final determination that would ripen the issue for review (*see Matter of Hamptons Hosp. & Med. Ctr. v Moore, supra* at 96). Under these particular circumstances, Supreme Court correctly held that a special proceeding is not the appropriate vehicle to challenge the reporting policy.

The remaining arguments raised by petitioner have been examined and found unpersuasive or unnecessary to reach under the circumstances.

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.