■ In the Matter of CHURCH OF THE CHOSEN et al., Appellants, v CITY OF ELMIRA et al., Respondents. [795 NYS2d 141]—

Carpinello, J. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered November 5, 2003 in Chemung County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner Candy Stephenson, a self-described "outreach ministry of one person," and petitioner Church of the Chosen filed the instant proceeding seeking essentially two forms of relief in the nature of mandamus against, among others, vari-

ous municipal officials of the City of Elmira, Chemung County.* First, petitioners sought relief from City Court orders which enjoined them from the use and occupancy of a certain premises because of code violations rendering that property "a serious health risk." Petitioners also sought to compel these various officials to enforce the municipal city code against their neighbors. Supreme Court dismissed the petition. Petitioners appeal, and we affirm.

A CPLR article 78 proceeding "shall not be used to challenge a determination . . . which . . . can be adequately reviewed by appeal to a court" (CPLR 7801 [1]). Here, to the extent that petitioners seek relief from orders of City Court which enjoined the continued occupancy of the premises at issue, their proper remedy was an appeal to County Court (*see* UCCA 1701). With respect to the alleged code violations by petitioners' neighbors, the decision to enforce a municipal code rests in the discretion of the public officials charged with its enforcement and relief in the nature of mandamus is simply unavailable (*see Matter of Dyno v Village of Johnson City*, 261 AD2d 783, 784 [1999], *appeal dismissed* 93 NY2d 1033 [1999], *lv denied* 94 NY2d 818 [1999]; *Manuli v Hildenbrandt*, 144 AD2d 789, 790 [1988]; *Matter of Young v Town of Huntington*, 121 AD2d 641, 642 [1986]). To the extent that petitioners attempt to appeal from Supreme Court's November 18, 2003 letter/decision, it is not appealable.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Petitioners prosecuted this proceeding, as well as the appeal, pro se.