■ New Jerusalem (West) et al., Appellants, v New York State Electric & Gas et al., Respondents. [797 NYS2d 163]—

Carpinello, J. Appeals (1) from an order of the County Court of Chemung County (Hayden, J.), entered February 18, 2004, which granted a motion by defendant New York State Electric & Gas to dismiss the complaint, and (2) from an order of said court, entered February 21, 2004, which, inter alia, assessed counsel fees against plaintiffs.

Plaintiffs in this action include the purportedly "sovereign, free and independent nation" of New Jerusalem located at premises "formerly" known as 1130 Lake Street in the City of Elmira, Chemung County, and are a self-described church without a congregation. The aforesaid premises has been occupied, at least in part, as the "private . . . residential parsonage" of the unnamed plaintiff minister, Candy Stephenson. This occupancy, despite municipal code violations, was the subject of an earlier appeal to this Court (*Matter of Church of Chosen v City of Elmira*, 18 AD3d 978 [2005]). Here, plaintiffs have sued, among others, defendants New York State Electric & Gas, Chemung County District Attorney, City of Elmira and numerous city officials claiming, among other conduct, that they had engaged in "acts of treason" by furthering "[g]lobal [g]overnment policies." According to plaintiffs, the means allegedly employed by defendants to deprive America of its sovereignty are worldwide mind control and "dream machines." Plaintiffs now appeal from orders dismissing the action as frivolous and awarding defendants counsel fees.

Finding no error in either order appealed from, we now affirm. It is patent that plaintiffs' claims are completely devoid of legal merit. Further, County Court properly exercised its discretion in awarding reasonable counsel fees to defendants in an effort "to deter conduct that wastes judicial resources and inhibits the proper administration of the court system" (*Matter of Gordon v Marrone*, 202 AD2d 104, 111 [1994], *lv denied* 84 NY2d 813 [1995]).

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.