OPINION OF THE COURT
Thomas F. Whelan, J.
It is ordered that this motion (No. 002) by the respondents for an order dismissing the petition served and filed in this special proceeding commenced by the petitioners is considered under CPLR 7803 and 3211 (a) and is granted; and it is further ordered that the petitioners’ demands for relief are denied and the petition (No. 001) is dismissed.
Petitioners commenced this special proceeding by the service and filing of an order to show cause in lieu of a notice of petition dated September 16, 2008 and petition. Demanded therein is a stay of a criminal proceeding commenced by the People of the State of New York, Town of Brookhaven, against petitioner, Davin M. Fortuna, in the Sixth District Court of Suffolk County. The petitioners further demand judicial declarations regarding the conforming nature of certain alterations and improvements made to the residence and the accessory building situated on the petitioners’ residential lot.
In the separate criminal proceeding, petitioner Davin M. For-tuna is charged with noncompliance of a prior order of that court dated June 28, 2007 imposing several conditions for the discharge of an appearance ticket and an accusatory statement regarding various violations of the zoning and building codes applicable to his premises. Said violations are alleged to have arisen as a result of the petitioner’s alteration and improvement of his residential premises without municipal permits and approvals. The June 28, 2007 order of the District Court directed the petitioner to obtain necessary permits and approvals within specified time periods. Alternatively, the petitioner was directed to remove all nonconforming alterations and improvements and restore the premises to the condition they were in when the original certificate of occupancy was issued.
In lieu of answering, the municipal respondents moved for an order dismissing the petition. In support thereof, the respondents allege that (1) the petitioners’ demands for declaratory relief are improperly set forth in this special proceeding commenced presumably pursuant to CPLR article 78; (2) that the respondents may not be lawfully stayed from the continued *976 prosecution of the criminal proceeding pending against petitioner Davin M. Fortuna by the reason of certain of the provisions of CPLR 6313; and (3) that the petitioners may not obtain injunctive and declaratory relief restraining the prosecution of the petitioner’s criminal proceeding by seeking declaratory relief from this court with respect to the matters at issue in the pending District Court criminal proceeding.
The petitioners’ opposition to the motion to dismiss contains factual allegations regarding the current condition of the premises and their alleged conformity with all applicable code requirements. While admitting that these allegations of fact may be raised in the criminal proceeding as defenses thereto, the petitioners nevertheless claim that this court should grant them the declaratory relief requested herein, which would also serve to render the respondents’ continued prosecution of its criminal proceeding academic.
The court rejects the respondents’ contention that this court is precluded under CPLR 6313 to enjoin civil and/or criminal enforcement proceedings commenced by municipal respondents. It is therein provided that no temporary restraining order may be granted against a public officer, board or municipal corporation of the state to restrain the performance of statutory duties. The respondents contend that under Town Law §§51, 64 and 130, and the provisions of section 30-16 (A) and section 30-22 (A) of the Brookhaven Town Code, they have a statutory duty to enforce building and safety codes. Accordingly, this court is alleged to be without authority to enjoin their prosecution of the criminal proceeding pending against the petitioner.
The court, however, rejects the foregoing contentions of the respondents. It is well established that the determinations of local municipal officials regarding enforcement of zoning codes including those concerning which violations shall be prosecuted or otherwise resolved are matters of discretion (see Matter of Church of Chosen v City of Elmira, 18 AD3d 978 [3d Dept 2005], lv denied 5 NY3d 709 [2005]; Matter of Young v Town of Huntington, 121 AD2d 641 [2d Dept 1986]; Manuli v Hildenbrandt, 144 AD2d 789 [3d Dept 1988]). Being discretionary in nature, said decisions are not statutorily compelled and thus do not constitute “the performance of statutory duties” within the purview of CPLR 6313 (a).
In addition, this court is expressly authorized by CPLR 7805 to “stay further proceedings” or “the enforcement of any determination under review” in an article 78 proceeding except those *977 issued from the Appellate Division. The respondents’ complaint that the petitioners’ demands for declaratory relief are improperly advanced in this special proceeding rather than in a plenary action at law (see CPLR 3001, 7803) is without merit as any defect as to the form of this proceeding is presumably curable under CPLR 103 (c) (see Matter of Griffin v Panzarin, 305 AD2d 601 [2d Dept 2003]).
Nevertheless, the court finds that the remaining claims of the respondents by which they assert that petitioners’ demands for declaratory relief and/or injunctive relief should neither preclude nor otherwise affect the respondents’ continued prosecution of its criminal proceeding against Davin M. Fortuna are meritorious. Recent appellate case authorities have confirmed the well established rule that “courts of equity ‘will not ordinarily intervene to enjoin the enforcement of the law by prosecuting officials’ ” (Cooper v Town of Islip, 56 AD3d 511, 512 [2d Dept 2008], quoting Reed v Littleton, 275 NY 150, 153 [1937]). The remedy of declaratory judgment is only available where a constitutional question is involved on the legality or meaning of a statute is in question and no question of fact is involved (see Cooper v Town of Islip, 56 AD3d 511 [2008], supra, and cases cited therein; see also Kelly’s Rental v City of New York, 44 NY2d 700 [1978]).
Here, there are no constitutional issues raised nor is any question regarding the legality of Town Code provisions or other statutes raised. Nor are any claims sounding in mandamus to review or prohibition advanced by the petitioners. Rather, there is a factual dispute regarding whether the subject improvements and alterations conform to applicable codes and whether the petitioners violated the conditions of discharge contained in the June 28, 2007 order of the District Court. Under these circumstances, the petitioners are not entitled to the declaratory and injunctive relief demanded in this proceeding.
In view of the foregoing, the instant motion (No. 002) by the respondents for dismissal of the petition served and filed herein is granted and said petition (No. 001) is dismissed. All restraints previously imposed upon the continued prosecution of the criminal proceeding pending between the People of the State of New York, Town of Brookhaven v Fortuna are hereby lifted.