Egan Jr., J.
Appeal from a judgment of the Supreme Court (Lebous, J.), entered March 21, 2011 in Broome County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
In late 2009, respondent Myron Swarts leased certain real property located in a business-1 (B-l) zoning district in the Town of Maine, Broome County and began operating a firewood processing and retail business on the premises. Shortly thereafter, respondent Daniel Napierala, the Town’s code enforcement officer, inspected the premises and determined that although the firewood business was a permitted use in a B-l zoning district, Swarts needed to obtain site plan approval from the Town’s Planning Board. Swarts submitted an application for site plan approval in December 2009, and petitioner — as an adjoining landowner — was notified accordingly. The Planning Board subsequently convened and, by determination dated April 20, 2010, approved Swarts’s application subject to certain enumerated conditions. Petitioner admittedly attended this meeting, at which — the minutes reflect — the underlying zoning issue was raised.
Four months later, in August 2010, petitioner filed a complaint with Napierala, contending that Swarts was not complying with the conditions previously imposed by the Planning Board and, further, that Swarts’s business was not a permitted use in a B-l zoning district. Napierala investigated and, in September 2010, advised petitioner that Swarts’s operation was in compliance with both the Town’s zoning law and the conditions imposed by the Planning Board. Shortly thereafter, petitioner filed an *1214 administrative appeal with respondent Town of Maine Zoning Board of Appeals (hereinafter ZBA). The ZBA dismissed petitioner’s appeal, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court subsequently dismissed petitioner’s application as well, and this appeal by petitioner ensued.
We affirm. The record reveals that petitioner was aware— certainly no later than April 2010 — that Swarts’s firewood business had been deemed to be a permitted use in a B-l zoning district. Petitioner’s September 2010 administrative appeal to the ZBA was filed well beyond the 60 days allotted by the relevant state and local statutes (see Town Law § 267-a [5] [b]; Code of Town of Maine § 182-8 [B]; Matter of Swantz v Planning Bd. of Vil. of Cobleskill, 34 AD3d 1159, 1160-1161 [2006]), and this CPLR article 78 proceeding was commenced more than four months after the Planning Board granted site plan approval (see CPLR 217 [1]). Thus, regardless of the avenue of relief sought or the statute of limitations employed, Supreme Court properly deemed petitioner’s challenge to the underlying zoning determination to be time-barred.
To the extent that the issue of whether Swarts was in compliance with the terms and conditions imposed by the Planning Board is properly before us, we agree that this discretionary determination by Napier ala is beyond the scope of CPLR article 78 review (see Matter of Church of Chosen v City of Elmira, 18 AD3d 978, 979 [2005], lv denied 5 NY3d 709 [2005], cert denied sub nom. Stephenson v City of Elmira, 547 US 1115 [2006]; Matter of Dyno v Village of Johnson City, 261 AD2d 783, 784 [1999], appeal dismissed 93 NY2d 1033 [1999], lv denied 94 NY2d 818 [1999]; Manuli v Hildenbrandt, 144 AD2d 789, 790 [1988]). Moreover, even if the ZBA had jurisdiction to entertain an appeal from Napierala’s determination in this regard, petitioner’s claim nonetheless would be precluded due to his failure to raise this issue in his written appeal to the ZBA (see Code of Town of Maine § 182-8 [B]). Petitioner’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Mercure, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.