*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    May 14, 2015                          519924
_____

In the Matter of EZ
    PROPERTIES, LLC,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

CITY OF PLATTSBURGH et al.,
                        Respondents.
_____

Calendar Date:    March 25, 2015

Before:    Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

_____

        O'Connell & Aronowitz, PC, Plattsburgh (Benjamin S. Barry
of counsel), for appellant.

        John E. Clute, Plattsburgh, for respondents.

_____

Garry, J.

        Appeal from a judgment of the Supreme Court (Muller, J.),
entered December 31, 2013 in Clinton County, which, in a
proceeding pursuant to CPLR article 78, dismissed the petition.

        In 2011, petitioner applied to the Planning Board of
respondent City of Plattsburgh for site plan approval to develop
an apartment complex.  The plans were approved with a stipulation
requiring the use of exterior brick veneer in a color that
matched neighboring buildings.  In 2012, after revising the
construction plans, petitioner filed a new application for site
plan approval and submitted architectural drawings indicating
that the exterior would be "½ Brick Veneer Siding" and that the
veneer material would be "Boral Stone Products Cultured Stone
Brick Veneer 'Antique Red.'"  In April 2012, the Planning Board

issued a letter that conditionally approved the site plan and specifically referenced the architectural drawings as part of the approved plan.[1]

Upon commencing construction, petitioner used an alternate veneer material instead of the Boral Stone material. In August 2012, respondent Joseph McMahon – the City Building Inspector – wrote to petitioner advising it to discontinue use of the alternate material, and directing petitioner either to use the specified material or obtain approval for a modification from the Planning Board. Petitioner refused to comply and continued to install the alternate material. In September 2012, a City representative advised petitioner that the City considered the requirement to use the Boral Stone material to be valid and enforceable. Thereafter, in October 2012, the City informed petitioner that a certificate of occupancy would not be issued unless the Boral Stone was installed or petitioner posted financial security. Petitioner posted the security, signed a completion agreement and was issued a certificate of occupancy.

In January 2013, petitioner commenced this CPLR article 78 proceeding challenging respondents' authority to require the specified veneer and seeking, among other things, an order directing the issuance of an unconditional certificate of occupancy. Supreme Court dismissed the petition as time-barred under CPLR 217 (1). Petitioner appeals.

A proceeding pursuant to CPLR article 78 "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; see Matter of Thornton v Saugerties Cent. Sch. Dist., 121 AD3d 1253, 1254 [2014]). Supreme Court found the petition to be untimely because it was not filed within four months after the Planning Board's April 2012 approval of the site plan. Petitioner argues that the court erred, as the proceeding was timely filed within four months after the City refused to issue an unconditional certificate of occupancy, and it is this determination that is at

_____

[1] The conditions imposed by the Planning Board were unrelated to the exterior veneer.

issue.  However, "[a]n administrative determination is considered final and binding when an agency has reached a definitive position on the issue that inflicts actual, concrete injury and administrative remedies have been exhausted" (Matter of Selective Ins. Co. of Am. v State of N.Y. Workers' Compensation Bd., 102 AD3d 72, 76 [2012] [internal quotation marks and citation omitted]).  Here, six of the petition's eight causes of action — although phrased as challenges to the City's failure to issue an unconditional certificate of occupancy — are, in substance, challenges to the validity and enforceability of the Planning Board's requirement that the Boral Stone material be used.  Petitioner was aggrieved by this requirement when it was included in the Planning Board's site plan approval in April 2012 and not, as it contends, when petitioner's refusal to comply subsequently led to the withholding of an unconditional certificate of occupancy (see Matter of Loparco v Napierala, 96 AD3d 1213, 1214 [2012]; Matter of Save the Pine Bush v Town Bd. of Town of Guilderland, 272 AD2d 689, 692 [2000]).

We reject petitioner's contention that the site plan approval was not final and binding because it was ambiguous in that the drawings specified the use of both "½ Brick Veneer Siding" and the Boral Stone material.  Petitioner's representative attended several Planning Board meetings in February and March 2012 at which materials and colors for the building exterior were discussed, and brought samples of various siding materials.  During these meetings, the representative specifically advised the Planning Board that "¾ [inch] real brick" would be used on the exterior, and obtained verbal approval from Planning Board members for a particular sample of this brick — apparently the Boral Stone material.[2]  After these meetings, petitioner submitted the drawing — dated April 2, 2012 — in which the Boral Stone specification appears.  The record thus fails to support this argument.

---

[2]  The alternate material that was used is formulated in panels and apparently constitutes "½ Brick Veneer Siding" but does not constitute "¾ [inch] real brick."

The City's September 2012 letter indicated that no determination had yet been made as to whether to withhold the certificate of occupancy, but this did not constitute a de novo review by the Planning Board, and did not result in a lack of finality (see Matter of Boston Culinary Group, Inc. v New York State Olympic Regional Dev. Auth., 18 AD3d 1103, 1104-1105 [2005], lv denied 5 NY3d 712 [2005]).  Nor did this letter serve to toll or extend the limitations period (see Matter of Pettus v New York State Ins. Dept., 93 AD3d 1067, 1068 [2012], lv denied 19 NY3d 814 [2012]).  Thus, we agree with Supreme Court that the petition was not filed within four months after the site plan approval became final and binding, and these causes of action were untimely.[3]

The remaining causes of action seek to compel the City and/or McMahon to issue a certificate of occupancy and, thus, sound in the nature of mandamus.  Such a proceeding is timely filed within four months after a party demands the performance of a mandatory, ministerial act and the demand is refused (see Matter of Vestal Teacher's Assn. v Vestal Cent. School Dist., 5 AD3d 922, 923 [2004]).  Even if these two causes of action were timely in that they were filed within four months after McMahon and the City refused to issue the unconditional certificate of occupancy, mandamus is applicable only "to compel the performance of a ministerial, nondiscretionary act where there is a clear legal right to the relief sought" (Matter of Savastano v Prevost, 66 NY2d 47, 50 [1985]) and may not be used "to compel an act in respect to which the officer may exercise judgment or discretion" (Matter of Crain Communications v Hughes, 74 NY2d 626, 628 [1989] [internal quotation marks and citations omitted]; see Matter of Posada v New York State Dept. of Health, 75 AD3d 880, 882 [2010],

---

[3]  One of these causes of action is captioned as seeking a declaratory judgment but, in substance, raises the same challenges as the other claims in the petition.  As the claim could have been brought in the same form as the other causes of action pursuant to CPLR article 78, its denomination does not alter the application of the limitations period (see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 201 [1994]).

lv denied 15 NY3d 712 [2010]).  The Plattsburgh City Code grants authority to the building inspector "to receive, review, and approve or disapprove applications for . . . [c]ertificates of [o]ccupancy" and provides that the inspector shall issue such a certificate "upon compliance by an applicant with all provisions of this chapter" (Plattsburgh City Code §§ 175-3 [b]; 270-50 [B] [2]).  The determination whether petitioner complied with the approved site plans involves discretionary considerations beyond the reach of a proceeding for relief in the nature of mandamus (see Matter of Loparco v Napierala, 96 AD3d at 1214).  As such, these causes of action were properly dismissed.

Lahtinen, J.P., McCarthy and Lynch, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court