Aarons, J.
Appeal from an order and judgment of the Supreme Court (Buchanan, J.), entered August 29, 2014 in Essex County, which dismissed petitioners’ application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Wilmington Zoning Board of Appeals finding that respondent James Carmelitano was not in violation of the zoning code of the Town of Wilmington.
The North Pole Campground (hereinafter the Camp), owned by respondent James Carmelitano, is a commercial campground site located in the Town of Wilmington, Essex County and has been in operation since the 1960s. Petitioners, who purchased their property in the 1990s, live adjacent to the Camp. Petitioners claim that numerous tents, recreational vehicles (hereinafter RVs) and other vehicles at the Camp are not properly screened from the public’s view and are eyesores. Petitioners are also routinely bothered by the noise emanating from the Camp. As such, from April 2012 to January 2013, petitioners expressed their issues with the Camp in numerous letters to Robert Guynup, the Town’s Code Enforcement Officer. Their complaints centered on the Camp’s alleged violations of the Town’s zoning ordinances pertaining to setback and screening requirements and minimum square footage requirements for individual campsites. According to petitioners, the Camp violated screening ordinances by removing trees, thereby making RVs at the park visible from the highway and petitioners’ property. Petitioners also informed Guynup that RVs parked at *1351 the Camp violated setback requirements governing how far the RVs must be from public roads or the AuSable River, that the RVs erroneously used sites designated for tents and that individual campsites at the Camp did not meet the minimum square-foot-area requirements.
In January 2013, Guynup responded to petitioners’ letters and informed them that he would not be taking any action against the Camp. Guynup explained that the RVs identified by petitioners, which purportedly violated the setback requirements, belonged to Carmelitano, and not to a registered guest of the Camp. Guynup also advised petitioners that the Camp’s operation was a nonconforming use. Petitioners thereafter appealed to respondent Town of Wilmington Zoning Board of Appeals (hereinafter the ZBA). In June 2013, the ZBA held a hearing on petitioners’ appeal. According to the minutes from the June 2013 hearing, the ZBA entertained petitioners’ grievances with respect to the Camp’s alleged ordinance violations, as well as Guynup’s responses thereto, and, upon consideration, denied petitioners’ appeal. Petitioners subsequently commenced a CPLR article 78 proceeding in response to the ZBA’s June 2013 determination. Supreme Court, in a November 2013 order not at issue here, found that the ZBA failed to give the public notice of the June 2013 hearing as required by Town Law § 267-a (7), and remitted the matter to the ZBA for a new public hearing. Supreme Court did not pass on the merits of petitioners’ claims.
After giving proper public notice, the ZBA held a hearing in December 2013. Petitioner Rose Cooney attended this meeting, submitted evidence and argued her case before the ZBA. The ZBA also heard comments from Guynup, as well as the general public. Upon consideration of petitioners’ arguments and the submitted evidence, the ZBA once again denied petitioners’ appeal. Petitioners commenced this CPLR article 78 proceeding challenging the ZBA’s December 2013 determination. Supreme Court dismissed the petition, and petitioners appeal. We affirm.
Initially, to the extent that the petition seeks to compel Guynup to enforce the Town’s ordinances against the Camp, it is in essence a request for relief in the form of mandamus (see CPLR 7803 [1]), “ ‘which does not lie to compel the performance of such a discretionary function’ ” (Matter of Mayes v Cooper, 283 AD2d 760, 761 [2001], quoting Matter of Dyno v Village of Johnson City, 261 AD2d 783, 784 [1999], appeal dismissed 93 NY2d 1033 [1999], reconsideration denied and lv dismissed and denied 94 NY2d 818 [1999]).
*1352 Turning to the merits, petitioners assert that the Camp violated the Town’s zoning ordinances governing screening and setback requirements and the minimum area square footage requirements for individual campsites. The evidence in the record, however, demonstrates that the Camp has been functioning since the 1960s and predated the enactment of the zoning ordinances. The Camp’s operation was therefore permissible as a nonconforming use even though such operation was inconsistent with the enacted zoning scheme (see Matter of Toys “R” Us v Silva, 89 NY2d 411, 417 [1996]; Town of N. Elba v Grimditch, 131 AD3d 150, 159 [2015], lv denied 26 NY3d 903 [2015]; Matter of Laughlin v Pierce, 121 AD3d 1249, 1250 [2014]; Costa v Callahan, 41 AD3d 1111, 1114 [2007]).
In any event, the record demonstrates that the Camp complied with the Town’s zoning ordinances even though it was not required to do so. Guynup measured the square footage of the complained of campsites and found that they all met the minimum area requirements. Guynup also found no violation of the screening requirements based upon his inspection of the tree cutting, which he found not to be excessive and for the purpose of removing dangerous trees. In response to petitioners’ complaint that certain RVs violated setback requirements, Guynup stated that the RVs in question were owned by Carmelitano or his family and that the zoning ordinance permitted storage of personal RVs for no longer than 15 consecutive months (see Town of Wilmington Zoning Code, art VI, Campground/Group Camp Requirements [B] [12]). And, while petitioners contended that RVs were impermissibly on tent campsites, Guynup responded that because those tent campsites were equipped with water and electricity access, RVs could utilize those sites. Accordingly, we find that the ZBA’s determination had a rational basis (see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 196 [2002]; Matter of Fund for Lake George, Inc. v Town of Queensbury Zoning Bd. of Appeals, 126 AD3d 1152, 1154 [2015], lv denied 25 NY3d 1039 [2015]; Matter of Takourian v Town of Bethel Zoning Bd. of Appeals, 90 AD3d 1454, 1455 [2011]).
We also disagree with petitioners’ contention that they were deprived of a full and fair hearing. Although petitioners asserted that they were limited in their time to present their case, the mere fact that they desired more time than what was given or that their presentation was interrupted by questions *1353 posed by individual ZBA members does not amount to a deprivation of a full and fair hearing (see Matter of Grossman v Planning Bd. of Town of Colonie, 126 AD2d 887, 890 [1987]). Additionally, while Carmelitano was a member of the ZBA, he did not appear at the December 2013 hearing in his capacity as a voting member, nor did he register any votes in connection with petitioners’ appeal. We therefore conclude that petitioners received a full and fair hearing, especially where Cooney argued her case before the ZBA in a public hearing and the ZBA received volumes of evidentiary documents submitted by petitioners (see Matter of Mayes v Cooper, 283 AD2d at 761). Petitioners’ remaining contentions are unpreserved.
Lahtinen, J.P., McCarthy, Garry and Rose, JJ., concur.
Ordered that the order and judgment is affirmed, without costs.