Matter of Duffy v Town of Guilderland (2020 NY Slip Op 05108)





Matter of Duffy v Town of Guilderland


2020 NY Slip Op 05108


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

530199

[*1]In the Matter of Christine Duffy et al., Appellants,
v
Town of Guilderland et al., Respondents, et al., Respondents.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


William J. Better, PC, Kinderhook (Joseph D. Clyne of counsel), for appellants.
Law Offices of M. Randolph Belkin, Latham (Shawn T. Nash of counsel), for respondents.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Melkonian, J.), entered April 1, 2019 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioners and respondents Kellie Baldwin and James Baldwin (hereinafter collectively referred to as the Baldwins) own adjoining parcels of property in the Town of Guilderland, Albany County. In 2015, the Baldwins excavated the front 20 feet of their front lawn and paved it, creating a small parking area. Prior to beginning the excavation, the Baldwins contacted Steven Oliver, then the superintendent of the Highway Department for respondent Town of Guilderland, and Oliver informed them that he would allow the project. Shortly thereafter, petitioners asked Oliver if the Baldwins' project had been approved, and, according to Oliver, he had explained to petitioners on multiple occasions throughout 2015 and 2016 that he had approved the project and that he would not direct the Baldwins to remove the paved parking area. Also, in or around April 2016, petitioners contacted Kenneth D'Arpino, the storm water management officer for the Town's Highway Department, with complaints regarding water runoff from the Baldwins' property to theirs. D'Arpino responded that there was no evidence of runoff and, further, that the Highway Department had previously allowed the Baldwins to pave the yard in that manner. Following his appointment as Oliver's predecessor, respondent Gregory J. Wier was informed of petitioners' continuing complaints regarding the Baldwins' paved parking area and, in June 2018, Wier inspected the Baldwins' property. Following this inspection, he informed petitioners that he would abide by Oliver's determination that there was no issue with the Baldwins' paved parking area. In October 2018, petitioners commenced this CPLR article 78 proceeding seeking to compel respondents to direct the removal of petitioners' paved parking area. Supreme Court dismissed the petition as untimely and as barred by laches. Petitioners appeal.
We affirm. Pursuant to CPLR 217 (1), a CPLR article 78 "proceeding against a body . . . must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner[s] . . . or after the respondent[s'] refusal, upon the demand of the petitioner[s] . . . to perform its duty" (see Matter of Paladino v Board of Educ. for the City of Buffalo Pub. Sch. Dist., 183 AD3d 1043, 1048 [2020]). A "determination becomes final and binding when it definitively impacts and aggrieves the party seeking judicial review" (Matter of Scott v City of Albany, 1 AD3d 738, 739 [2003]; see Matter of EZ Props., LLC v City of Plattsburgh, 128 AD3d 1212, 1213 [2015]).
The record reveals, and petitioners concede, that they were aware that Oliver allowed the Baldwins to install the paved parking area in 2015. Petitioners have failed to set forth any evidence that the statute of limitations was tolled (see Krog Corp. v Vanner Group, Inc., 158 AD3d 914, 915-916 [2018]; State of N.Y. Workers' Compensation Bd. v Wang, 147 AD3d 104, 110 [2017]). Despite petitioners' attempts to have the Town reconsider this determination throughout the years that followed, this initial determination was adhered to. Moreover, attempts to have the Town reconsider its position, or questions subsequent to the Town's determination, were insufficient to toll the statute of limitations (see Matter of Thorne v LaClair, 166 AD3d 1181, 1181-1182 [2018]; Matter of Scott v City of Albany, 1 AD3d at 739; Matter of Walsh v Superintendent of Highways of Town of Poestenkill, 135 AD2d 968, 969 [1987], lv denied 72 NY2d 808 [1988]). Accordingly, Supreme Court properly found the proceeding to be time-barred (see Matter of Loparco v Napierala, 96 AD3d 1213, 1214 [2012]; Matter of Letourneau v Town of Berne, 56 AD3d 880, 881 [2008]; Matter of Feldman v New York State Teachers' Retirement Sys., 14 AD3d 769, 770 [2005]). This determination renders petitioners' remaining contention academic.
Egan Jr., J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed, without costs.